### MARY CALHOUN ET AL. V. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

### No. 3378.

**1.   Charge Upon Facts as Constituting Negligence.** —The general rule of law obtains in this State that the court is prohibited from charging the jury that certain facts do not constitute negligence.   See example.

**2.   Ringing Bell, etc., at Public Crossing of Railway Track.**—The court has the right to instruct the jury that it is the duty of the operatives of the engine upon a railway in approaching a public crossing to ring the bell or blow the whistle, but it is a charge upon the weight of evidence if it instructs them that the failure to perform or not the duty shall be given a certain effect.

**3.   Charge—Facts.**—Under the facts in this case (see opinion) it was not error to give the charge asked by the defendant railway, "That there is no evidence before the jury that the defendant placed the box cars on the sidetrack (which were shown to have obstructed the view of the injured party of the approaching train), and hence you can not charge the defendant with any negligence in that respect." The line of box cars was on a sidetrack belonging to the Galveston Wharf Company, which was also owner of the track upon which the colliding train approached.

**4.   Presumption of Ownership.**—Cases can be found in which it is held that the law presumes that the owners of a railway are operating it; but we know of no case that holds that the use of a railway track by a switch engine in a populous city is presumptive evidence that the owners of the engine own and operate the track and the approaching sidings.

APPEAL from Galveston.  Tried below before Hon. Wm. H. STEWART. No statement is necessary.

*W. B. Denson,* for appellants.—1.   Where there are obstructions, either natural or artificial, which obscure passing trains from approaching travelers, this is a circumstance which demands of the employes of the company the exercise of increased vigilance.   It was error for the court to charge the jury, that the presence of the cars on the sidetrack was a matter in respect of which the defendant could not be

charged with negligence. Johnson v. Bruner, 61 Pa. St., 58; Artz v. Railway, 44 Iowa, 293; Railway v. Mathews, 36 N. J. L., 531; Dimick v. Railway, 80 Ill., 338; Railway v. Murphy, 46 Texas, 366–368; Patterson on Ry. Acc., secs. 170, 171; 2 Thomp. on Neg., 1239.

2. The judicial notice of the fact by the court must in some manner enter into the trial and be a fact not necessary to be proved and not necessary to be incorporated in the record, as a fact of which judicial notice was taken. Judicial notice is only taken of public officers, seals, laws, and acts of state, laws of nations, facts of common knowledge, political divisions and events. 12 Encyc. of Law, p. 151; 1 Greenl. Ev., secs. 4–6, and authorities cited.

*J. W. Terry,* for appellee.—1. The court properly took judicial notice of the fact that the tracks on the wharf were the property of the wharf company, as a fact universally and notoriously known within the limits of its jurisdiction, evidenced by the Act of the Legislature granting the right to construct the same to the wharf company, as well as by the records of the District Court of Galveston County and the Supreme Court of Texas. Railway v. State, 72 Texas, 404, and authorities cited by appellants.

2. The mere fact that one of defendant's engines was being operated on the railway track on the wharves in front of the city of Galveston could not authorize the presumption that the sidetracks were the property of defendant, and the further presumption that, the sidetrack being the property of defendant, the defendant had left the cars on the sidetrack. It is not permissible to build one presumption on another. Railway v. Porter, 73 Texas, 304.

Greenleaf, the authority referred to by the appellants, says: "In fine, courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." The Encyclopædia of Law, the other authority referred to by appellants, says: "Courts will usually take notice of whatever ought to be generally known or generally ascertainable within the limits of their jurisdiction." Galveston County is the limit of the jurisdiction of the District Court which tried this cause; and it is certainly a notorious fact within the limits of Galveston County, and a fact not disputed by the plaintiffs' petition or by the brief for appellants, and a fact generally well known within the limits of said county, that the railway tracks on the wharves in front of the city of Galveston are the property of the Galveston Wharf Company. This court took judicial notice of the fact that the roads of the Gulf, Colorado & Santa Fe Railway Company and the Houston & Texas Central Railway extended from Houston to Dallas (Railway v. State, 72 Texas, 404), and certainly on this authority the court sitting in Galveston County could take judicial notice of the ownership of the railways on the wharves in front of the city of Galveston. In view,

however, of the other propositions submitted, the question of judicial notice is not of great importance.

FISHER, JUDGE, *Section B.*—This is a suit by appellants against appellee for damages resulting from the killing of Cora Calhoun, the daughter of appellants, by being run over by a locomotive operated by the employes and servants of appellee. The case was tried by a jury, who returned a verdict for appellee and against appellants.

The petition in substance alleges, that Cora Calhoun was killed October 31, 1890, she at the time being twelve years of age—a healthy, strong, serviceable, and obedient child; that she was killed by the defendant's locomotive while crossing the railway track upon the wharf in the western portion of the city of Galveston, where Thirty-third Street of said city crosses the said railway track; that the killing was the result of gross negligence and carelessness of the servants of the defendant; that the child would not have been killed had not the track upon which said locomotive was running been obstructed and hidden from the view of said Cora and the driver of the wagon upon which she was riding, by a long train of cars then standing upon a sidetrack of said railway between the main track upon which the locomotive was running and the roadway upon which said Cora and wagon were going, which prevented them from seeing the locomotive before it struck them; that said locomotive was being run at the rate of twelve miles an hour, a rapid, reckless, and dangerous speed, contrary to the ordinances of the city of Galveston; that the bell was not rung nor the whistle sounded, as required by law in approaching public crossings; that Cora could not have escaped after she discovered the approach of the locomotive.

The appellee answered by a general demurrer and general denial, and that Cora Calhoun was guilty of contributory negligence; that she failed to use ordinary precaution in approaching and crossing the track; she neither looked nor listened for the approach of a train, and if she had done so she would have discovered the approach of the locomotive in time to have averted the injury; that at the time of the accident Cora was riding on a float which she was voluntarily on; that she and the driver of the float were at the time engaged in conversation; that the driver of the float did not use any precaution in approaching the railway crossing; that the whistle of the engine was blown and the bell was ringing on the approach of the engine to the crossing; that if the driver and Cora had listened they could have heard the sound of the whistle and bell in time to have avoided the accident; that instead of looking and listening they were looking the other way, and were apparently engaged in conversation; that the driver of the float approached the crossing at a rapid and dangerous rate of speed; that at the time he knew that the noise made by the float on the wooden flooring of the

wharf might drown the noise of an approaching train; notwithstanding this, he did not slack his speed nor look nor listen; that the said Cora in the knowledge of these facts continued to remain on said float and trust herself to the care and the protection of the driver; and that the said Cora was responsible for the negligence of said driver.

The evidence shows, that the engine approached the crossing running at the rate of about four or five miles an hour. The ordinance of the city of Galveston prohibits a speed faster than seven miles an hour. The evidence shows, that Cora Calhoun was killed at the place alleged in the petition; that she was on a float with the driver, going south; that on the north side of the main track of the railway upon which the engine was there was a line of box cars standing on a sidetrack. The evidence shows, that she was struck by a locomotive operated by the servants of the appellee. The evidence does not show who owned and operated the railway, or who placed the cars on the sidetrack. But as to this, the court, so we are informed by the statement of facts, took judicial knowledge of the fact that the railway upon which the accident occurred and the line of cars were stationed was owned and operated by the Galveston Wharf Company. There is a conflict in the evidence as to the conduct and manner of approach to the crossing by Cora Calhoun and the driver of the float and of the servants of the appellee in operation of the engine. Upon this point it is sufficient to say, that the averments of the answer are sustained by the evidence offered in behalf of the defense. The jury having found in its favor, we will not disturb the judgment on the facts.

Appellants' first assignment of error reads: "The court erred in refusing to give to the jury special charge number 1 asked by the plaintiff, as follows: 'That if they believe the defendant left a long train of cars on a sidetrack which concealed the approaching train of defendant which killed the girl Cora; and if they believe that the noise of the float upon which she was riding drowned the sound of the bell and whistle of defendant's cars, then it was not contributory negligence for the child to undertake to cross the road where she was killed.'"

This charge is obnoxious to the rule of law that obtains in this State, that prohibits the trial court instructing the jury that certain facts do or do not constitute negligence. Railway v. Lee, 70 Texas, 501; Railway v. Anderson, 76 Texas, 249; Railway v. Dyer, 76 Texas, 160. This charge as requested does not fall within any of the exceptions to this general rule as we have stated it.

Appellants' second assignment of error is as follows: "The court erred in refusing to give to the jury special charge number 2 asked by the plaintiff, which is as follows: 'That the ringing of a bell and blowing of a whistle, in crossing a public highway, by the managers

of a steam engine, do not alone protect them from the charge of negligence in a collision with wagons at such public crossings.'"

Ringing the bell or blowing the whistle in approaching a public crossing by a locomotive is a duty required by law. The failure to perform this duty is an act that may, in connection with other facts, be considered by the jury in determining if the operatives of the engine have been guilty of actionable negligence. But to say that the performance of this duty or the failure to observe it will in the first instance be sufficient evidence of care as will excuse it from liability, and in the second instance be sufficient evidence of want of care as to charge it with liability, is to give to the statute that creates this duty an effect and meaning evidently not intended by the lawmakers. The court has the right to instruct the jury, that it is the duty of the operatives of the engine in approaching the public crossing to ring the bell or blow the whistle; but it is a charge upon the weight of evidence if it instructs them that the failure to perform or not perform this duty shall be given a certain effect. We do not think there was error in refusing the charge. Further, upon this point the general charge of the court is as full as it should be.

Appellants in their third assignment of error object to the following charge given by the court at the request of appellee: "The court erred in giving to the jury the following special charge asked by defendant, viz.: 'You are charged that there is no evidence before the jury that the defendant company placed the box cars on the sidetrack, and hence you can not charge the defendant with any negligence in that respect;' because said charge was misleading, because it took from the jury all circumstantial evidence upon the question, and was not justified by the evidence in the cause."

There is no evidence in the record, and it does not appear to be claimed by the appellants' brief, that the cars were placed on the sidetrack by the appellee. There is no allegation in the petition that the railway tracks, or any of them, belonged to the appellee, or that the appellee had placed the cars on the sidetrack. The petition alleges, that the deceased was killed while crossing the railway track upon the wharf in the western portion of the city of Galveston, where Thirty-third Street of said city crosses the railway track on the wharf, and that she was run over and struck by one of defendant's steam locomotives. There is no allegation in the petition that either the railway tracks or the cars on the sidetrack were the property of the defendant, or that it had placed the cars on the sidetrack. The only allegation of ownership by it of anything was, that it owned the engine. Appellants contend that those found using the railway are in law presumed to be the owners and operating it, and consequently the cars on the siding are presumed to be placed there by the appellee. Cases can be found in which it is held that the law presumes that the owners of a railway are ope-

rating it; but we know of no case that holds that the use of a railway track by a switch engine in a populous city is presumptive evidence that the owners of the engine own and operate the railway track and the adjacent sidings. We do not believe this charge had the effect of misleading the jury. It merely informed the jury that there was no evidence before them that the defendant had placed the box cars on the sidetrack, and hence that they could not charge the defendant with negligence in that respect—that is, in placing the box cars there. It does not inform the jury that they could not consider the presence of the box cars in determining whether the deceased had exercised due care, or in determining the degree of care required by the operatives of the train to discover persons approaching in view of the obstructed crossings.

The other assignments of error are without merit, and require no discussion by us.

We conclude the case should be affirmed and so report it.

*Affirmed.*

Adopted March 8, 1892.

STAYTON, CHIEF JUSTICE,. DISSENTING. — I think the judgment should be reversed on account of the charge. The court had no right to assume as a fact that the track on which the cars were standing did not belong to defendant, for of such a fact the court could not have judicial knowledge; and from the facts proved, the jury might have inferred that the track and standing cars belonged to defendant.

The cars standing on the sidetrack, whether belonging to defendant or not, was a fact to which the jury were entitled to look in determining whether defendant used due care in approaching with its train a crossing thus obscured; and if the track or cars belonged to defendant, the placing of them so near the crossing was a fact to which the jury were entitled to look to determine whether negligence on part of defendant did not exist. The position of the cars on the sidetrack was also a matter to which the jury were entitled to look in determining whether there was contributory negligence on the part of the child; and in my opinion the charge of the court was calculated to induce the jury to believe that they were not entitled to consider the standing cars for any purpose.

A motion for rehearing was refused at the Austin Term.