The Texas & Pacific Railway Company v. Louisa Roberts et al.

No. 419.

1. **Negligence—Charge of Court on Weight of Evidence.**—Negligence is a question of fact for the jury. The court has the right to charge that it is the duty of those operating a train to ring the bell or blow the whistle as soon as they see a man on the track ahead; but it is error, as upon the weight of evidence, to charge that a failure on their part so to do would constitute negligence.

2. **Contributory Negligence—Going upon Railway Track.**—Where a person goes upon a railway track and is, at the time of the collision, by his own negligence, placed in a dangerous position, he is not entitled to recover damages resulting from the injuries received on account of the failure of the train operatives to discover his position of peril in time to. avoid the accident. In such case his contributory negligence precludes a recovery, unless it also appears that after his position of danger is discovered, the operatives are guilty of negligence that contributes to the injury.

3. **Same—Discovered Negligence.**—Where at the time of the collision the person on the track is not guilty of negligence, though originally negligent in going thereon, an intervening cause absolutely or morally beyond his control having put him in a position of peril, the railway company will be guilty of negligence if, through want of proper care, its train men fail to discover the dangerous position of such person in time to avert the injury.

4. **Charge of Court—Presumption of Fact.**—Whether railway operatives, after blowing the whistle or ringing the bell, may presume that a person upon the track will leave it in time, depends upon the facts of each particular case, and the court should not charge absolutely that they may so presume.

Appeal from Cass. Tried below before Hon. John L. Sheppard.

*F. H. Prendergast,* for appellant.—The court erred in the eleventh and twelfth paragraphs of its charge. [These clauses are set out in the opinion.] Railway v. Nixon, 52 Texas, 28; Railway v. Smith, 52 Texas, 185; Railway v. Ryon, 70 Texas, 59; Railway v. Garcia, 75 Texas, 587; Railway v. Porter, 73 Texas, 307.

*O'Neal & Son* and *O'Neal & Eberhardt,* for appellees.—The court's charges complained of were a correct exposition of the law. The engineer had no right to presume that Roberts would leave the track if he had rung the bell or blown the whistle, to the extent of waiting until it was too late to avert the danger. Railway v. Nixon, 52 Texas, 28; Railway v. Weisen, 65 Texas, 447; Railway v. Leslie, 57 Texas, 83; Railway v. Symkins, 54 Texas, 615; Railway v. Chapman, 57 Texas, 75; Railway v. Connally (Ky.), 7 S. W. Rep., 915; Washington v. Railway, 10 Am. and Eng. Ry. Cases, 750; 1 Am. and Eng. Ry. Cases, 122.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment in favor of the suriving wife and children of Newton R. Roberts,

who was killed on the 24th of November, 1888, by one of appellant's north bound passenger trains, within the corporate limits of Queen City, in Cass County, about 125 yards south of a public crossing, on or near a pathway usually travelled by footmen, and sometimes by persons on horseback, which ran diagonally across appellant's railway track. The evidence tended to show that deceased had entered upon the track at the public crossing, which was a wagon road, and had gone down the track, riding a mule, to about the place where he was killed. That this occurred about fifteen minutes before the train was in sight, and that the homicide occurred about thirty minutes after sundown. At this point the railway track was on an embankment about 10 or 12 feet high, and the deceased, when killed and for several minutes before the train was in sight, was engaged in trying, in vain, to lead his mule off the track and down the embankment, and seems to have been entirely unconscious of the approaching train. The evidence tended to show that the track was straight for several hundred yards south of this point, and that in approaching deceased the train was running up grade, and the witnesses vary in their estimates of its rate of speed from 15 to 35 miles per hour.

The deceased seems to have been on his way from Queen City to Atlanta, a distance of two or three miles; and the evidence was conflicting as to whether or not he was drunk at the time of the homicide. It was also conflicting as to the distance he could have been seen by the engineer just before he was killed; the train men claiming that they did not see him and could not have seen him at a greater distance than 150 feet on account of the darkness, other eye-witnesses testifying that he could have been seen as much as 400 yards away. There was also a conflict as to the time when the bell rang and the whistle blew; one witness testifying that it occurred at the very time of the killing, others testifying that it occurred when the train was from 35 to 175 yards distant. There was also a planing mill 30 or 40 yards east of the place of the accident, though there were no other houses nearer than about 200 yards.

The evidence was conflicting as to the distance the train was from the deceased when he was first discovered by the train men, varying from 35 to 175 yards, and was susceptible of different constructions as to the time the air brakes were applied. The proof tended to show that the train, if running at 35 miles per hour, could have been stopped within 400 feet, and within about half that distance if running at 15 or 20 miles per hour. Deceased appears to have had a life expectancy of 21 years; to have been a prosperous farmer, ginner, and trader, and to have contributed about $1000 annually to the support of his family. The amount of the verdict was $10,000.

Appellees charged the train operatives with negligence; to which appellant replied with a general denial and a plea of contributory negligence.

By the eighth assignment of error, appellant complains of the eleventh paragraph of the court's charge, which is as follows:

" If you believe from the evidence that Newton R. Roberts voluntarily placed himself on defendant company's railway track, and you further find that those in charge of defendant's engine saw the said Roberts on the track before it reached him, but failed to ring the bell or blow the whistle as soon as they saw him, in order to warn said Roberts of the approach of said train, then the defendant would be guilty of negligence; and if you further find that by reason of such negligence on the part of the defendant's employes, said Roberts was struck by such engine or train and killed, then the plaintiffs would be entitled to recover."

We are of opinion that this charge contains error. It seems to be well settled in this State, that negligence is a question of fact for the jury, and that the court is not warranted in instructing them that the failure of the train operatives to ring the bell or blow the whistle as soon as they see a man on the track, in order to warn him of the approach of the train, would constitute negligence. Calhoun v. Railway, 84 Texas, 226; Railway v. Lee, 70 Texas, 501; Railway v. Anderson, 76 Texas, 249; Railwaw v. Dyer, 76 Texas, 160.

In Calhoun's case, above cited, it is said:   " The court has the right to instruct the jury that it is the duty of the operatives of the engine in approaching a public crossing to ring the bell or blow the whistle; but it is a charge upon the weight of the evidence if it instructs them that to perform or the failure to perform this duty shall be given a certain effect." As this error in the charge will require a reversal of the judgment, in view of another trial, we invite the attention of the trial court to the authorities cited above with reference to other portions of the charge of which both appellant and appellees might, under these decisions, we think, justly complain, and of which, in the sixth assignment, appellant does in part complain; these cases having been reported since the trial below.

The ninth assignment of error calls in question the twelfth paragraph of the charge, which reads as follows:

" If you believe from the evidence that the said Newton R. Roberts voluntarily placed himself on the defendant's railway track, and you further believe from the evidence that at said time and place he was struck and killed by one of defendant company's engines or trains, but you further believe that those in charge of the defendant's engine and train exercised proper care in looking to see whether or not its track was clear, and that those in charge of the train saw the said Roberts on or near the track in front of the train, or could have seen him by diligently looking out in front of the train, in time to ring the bell or blow the whistle in order to give him warning of the approach of the train, and that they did ring the bell and blow the whistle in time for Roberts to

have heard it and get off the track, then those in charge of said train would have had the right to presume that he would get off the track; and if you so find, then the plaintiffs can not recover, unless you believe those in charge of defendant company's engine and train rang the bell and blew the whistle, and saw that said Roberts was not going to get off the track before it reached him, or could have ascertained that he was not going to get off the track by the exercise of due care and caution, in time to stop the train before it reached him, and failed to do so."

While we do not think the objection as urged to this charge by appellant's assignment would require a reversal of the judgment, still we are of opinion that it is objectionable as not containing a clear and correct statement of the law as applicable to the facts of this case; at least, we think the jury might easily have misunderstood what was doubtless intended to be expressed. The court evidently had in mind the doctrine of discovered negligence; and if, as some of the language might seem to imply, it was intended to state that though the perilous position of deceased resulted from his own negligence, appellant would still be liable for the failure of its train men to discover this peril by keeping a proper lookout, the charge was incorrect.

Where a person goes upon a railway track, and is at the time of the collision, by his own negligence, placed in a dangerous position, he is not entitled to recover damages resulting from the injuries received on account of the failure of the train operatives to discover his position of peril in time to avoid the accident. In such case, his contributory negligence precludes a recovery, unless it also appears that after his position of danger is discovered, the operatives are guilty of negligence contributing to the injury. Where, however, at the time of the collision he is not guilty of negligence, though originally negligent in going upon the track, an intervening cause absolutely or perhaps morally beyond his control having but him in a position of peril, it seems that the railway would be guilty of actionable negligence, if through the want of proper care its train men should fail to discover the dangerous position of the person on the track in time to avert the injury. Railway v. Ryon, 70 Texas, 56; Railway v. Symkins, 54 Texas, 615; Wasmer v. Railway, 1 Am. and Eng. Ry. Cases, 132.

It may be doubted, also, whether the court should have instructed the jury, that the train operatives upon ringing the bell and sounding the whistle could presume that the deceased would clear the track in time to escape injury. He seems to have been actively engaged for sometime prior to the appearance of the train, and up to the very moment of the collision, in an earnest effort to induce his mule—an animal whose restive disposition is common knowledge—to quit the track. As to whether railway operatives may presume that a person upon the track will leave it, depends upon the facts of each particular case.

The other assignments complaining of charges given and refused are not well taken, unless it be the sixth assignment, to which reference has already been incidentally made.   The remaining assignments, relating to the verdict of the jury, need not be considered.

It follows that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 10, 1893.