## Gulf, Colorado & Santa Fe Railway Company
### v. Iula Grubbs et al.
#### No. 985.

1. **Negligence—Charge of Court.**—The court charged that it is the duty of a railway company to construct bridges sufficient to withstand such rainstorms and floods as might reasonably have been anticipated, and in applying the law to the facts of the case, instructed that in discharging this duty the company should only be held to the use of ordinary care and caution. *Held*, that the charge was not open to objection on the part of the company.

2. **Same—Charge on Weight of Evidence.**—An instruction in an action for damages resulting from the death of an engineer killed by his train falling through a bridge during a flood, that if the train dispatcher knew of the flood, and had reason to believe it would render the bridge unsafe, and that these facts were known to him in time to have notified the engineer, and he failed to give such notice, the jury must find for the plaintiffs, unless they find deceased was guilty of contributory negligence, is erroneous, as being on the weight of the evidence.

Appeal from Cooke. Tried below before Hon. D. E. Barrett.

*J. W. Terry,* for appellant.—1. The third clause of the charge is erroneous, because it was not the duty of the defendant to construct and maintain the bridge across Bird's creek so that the same would be sufficient to avoid the rainstorms and floods which could have been rea-

sonably expected, etc., but it was only the duty of the defendant to exercise ordinary care and diligence to keep the bridge in such condition as to resist such storms as could be reasonably have been expected. It is not the duty of a railroad company to furnish a safe roadbed and bridges, but to exercise ordinary care and diligence to secure that end. Railway v. Wells, 81 Texas, 685; Railway v. Johnson, 19 S. W. Rep., 151; Railway v. Williams, 18 S. W. Rep., 700; Railway v. Hoffman, 18 S. W. Rep., 741.

2. The court erred in the sixth clause of the charge to the jury, for the same was upon the weight of the evidence, and was uncalled for by the evidence, and was calculated to mislead the jury. Railway v. Faber, 63 Texas, 344; Railway v. Gilmore, 62 Texas, 391; Dillingham v. Brown, 17 S. W. Rep., 45; Box v. Word, 65 Texas, 160; Railway v. Kuehn, 70 Texas, 582.

3. In the absence of a statute defining negligence, it is a question of fact. There being no statute governing the duties of a train dispatcher towards engineers, it was error for the court to assume, as a matter of law, that it was the dispatcher's duty to give notice to the engineer; and failure to perform the same would render the defendant liable, as a matter of law. Railway v. Medaris, 64 Texas, 92; Railway v. Simpson, 60 Texas, 106; Railway v. Waller, 56 Texas, 331; Railway v. Richards, 59 Texas, 376; Railway v. Levy, 59 Texas, 687; Railway v. Murphy, 46 Texas, 356; Railway v. Williams, 70 Texas, 159; Railway v. Greenlee, 70 Texas, 553; Railway v. Compton, 75 Texas, 667; Railway v. Anderson, 76 Texas, 244; Dillingham v. Parker, 80 Texas, 572; Railway v. Lee, 70 Texas, 501.

*Stuart & Lewis*, for appellees.—1. The court's charge on the first ground of recovery, taken as an entirety, is correct. Railway v. Fowler, 56 Texas, 452; Railway v. Halloren, 53 Texas, 47; Railway v. Conray, 68 Ill., 560; Railway v. Wright, 62 Texas, 515; Moore v. Moore, 73 Texas, 382.

2. There was evidence before the jury showing that the flood was of such character before the train left Belton as to require the dispatcher to notify Grubbs. The master is bound to warn the servant of all latent or extraneous dangers of which he is cognizant, or of which in the exercise of ordinary care he would be cognizant. This duty is ununqualified and absolute. Railway v. White, 76 Texas, 102; Railway v. Callbreath, 66 Texas, 526; Railway v. Watts, 64 Texas, 568; Wood's Mast. and Serv., 1 ed., sec. 354; Baxter v. Roberts, 44 Cal., 187; Railway v. Adams, 23 Am. and Eng. Ry. Cases, 408; Paulmin v. Railway, 34 N. J., 151.

STEPHENS, ASSOCIATE JUSTICE.—Richard C. Grubbs, while in the service of appellant as engineer, on the 15th day of April, 1891, be-

tween 6:30 and 7 o'clock in the afternoon of that day, left Belton with a train of freight cars, under the direction of the conductor, for Temple, distant about eight miles. On reaching Bird's creek, within a mile and a half or two miles of Temple, his engine went through the bridge into said stream, resulting in the loss of his life.

As compensation for this loss, the appellees, his surviving wife and child, recovered a judgment for $15,000 damages, from which this appeal is prosecuted. They rested their right to this recovery upon two grounds: (1) that the bridge across Bird's creek was defective, and hence gave way in a heavy rainstorm, causing the engine which deceased was running to fall into the stream; and (2) that the train dispatcher at Temple, in failing to give the train operatives timely warning of the danger ahead, was guilty of an omission of duty which also led to the accident.

Appellant defended on the ground of an extraordinary rainstorm, which could not reasonably have been anticipated and guarded against, as the proximate causes of the injury; and on the further ground of contributory negligence on the part of deceased in attempting to cross the bridge when danger was so apparent.

The complaint of the court's charge in submitting the first ground of recovery is not tenable. While this charge did state, in effect, that it was the duty of appellant to construct and maintain a bridge sufficient to withstand such rainstorms and floods as might reasonably have been anticipated, still, in applying this rule to the facts, the jury were instructed that appellant, in discharging this duty, should only be held to the use of ordinary care and caution, which we think obviated the objection raised. Besides, the language employed seems to have been copied from special charges prepared and requested by counsel for appellant. The further objection, that the pleadings of appellees did not warrant the fifth clause of the charge, is likewise, in view of the defense alleged, untenable.

The next charge complained of reads: "If you believe from the evidence that before Grubbs' train left Belton on April 14, 1891, on its way to Temple, the flood in question was occurring at Bird's creek, and the train dispatcher at Temple knew such fact, or might have known the same by the use of ordinary care, and if said dispatcher had reason to believe that such flood would render said Bird's creek unsafe and dangerous for the passage of trains, and that these facts were known to such dispatcher in time to have notified said Grubbs and warn him of said bridge, and if said dispatcher failed to give such notice, and if you believe that the injury to said Grubbs would not have occurred but for the failure of said dispatcher to give him such notice, and if you further find that deceased was not himself negligent in failing to exercise proper care for his own safety, then you will find for the plaintiff," etc.

The objection to this charge, that it was upon the weight of the evidence, must, we think, be sustained. It seems to us to violate that rule, now supported by numerous decisions in this State, which prohibits the court from instructing the jury that any fact or state of facts will constitute negligence, in the absence of a statutory declaration to that effect.

The evidence tended to show that a very extraordinary rainstorm was in progress at and just before the time of the accident, including within its area both Temple and Belton, though probably heavier at the former than at the latter place. The train dispatcher testified: "When Engineer Grubbs' train was reported out of Belton the storm was not raging very hard, and I did not anticipate such storm coming up so quick, or being so violent. At the time this train left Belton, it was not storming sufficiently hard, in my opinion, to justify my holding the train on that account." From other facts testified to by him, however, taken in connection with the rest of the evidence, there was apparently some ground for the inference that a proper degree of diligence on his part might have detained the train at Belton and prevented the accident. He had no means of reaching the train after it left Belton.

This charge selected the latter theory, and the one expressly rejected by the witness, and submitted it to the jury, with the instruction that it afforded proof of liability, if not rendered unavailing by contributory negligence. While such an omission of duty as that set out in this charge might appear very clearly to establish negligence as a fact, it can not be so declared as a matter of law; and a charge which thus selects one of two conflicting phases of the testimony and gives it conclusive weight with the jury, to the exclusion of other evidence bearing upon the issue, and tending to a different conclusion, becomes a charge upon the weight of the evidence. Railway v. Shearer, 1 Texas Civ. App., 343.

If we reject as false the positive statement quoted from the train dispatcher's evidence, and accept the theory that he knew that the flood was occurring at Bird's creek, and had reason to believe that it would render said creek unsafe and dangerous for the passage of trains, and that these facts were known in time to have given notice and warning, does it necessarily follow that his failure to do so conclusively established negligence? If the storm was of the sudden, unprecedented, and overwhelming character which appellant's evidence tended to prove, might not a train dispatcher of ordinary care have reasonably concluded that an engineer of Grubbs' prudence, who was acquainted with the bridge in question, would not venture to cross it without examination, under conditions so extraordinary and perilous? Does it necessarily follow that the failure of a train dispatcher to observe a general rule laid down by the company for his

guidance in the management of its business, which may have been adopted from prudential considerations far transcending those of ordinary caution, would afford proof of negligence, when viewed in the light of his duty or that of his master to others, including employes of the company?

Be this as it may, we think the charge should have left it to the jury to determine from all the evidence bearing upon the issue whether or not a train dispatcher of ordinary prudence, under the circumstances surrounding appellant's train dispatcher at Temple, would, while within his power to do so, have given notice and warning to those in charge of the train in question. Railway v. Lee, 70 Texas, 501; Railway v. Anderson, 76 Texas, 249; Railway v. Dyer, Id., 160; Calhoun v. Railway, 84 Texas, 226; Railway v. Roberts, 2 Texas Civ. App., 111; Id., 20 S. W. Rep., 960; Railway v. Shearer, 1 Texas Civ. App., 343; Id., 21 S. W. Rep., 133.

No such clear case of negligence was made by the proof as would justify us in sustaining the verdict, notwithstanding this error in the charge. We do not pass upon the sufficiency of the evidence to sustain the verdict under a proper charge.

In view of another trial, we will indicate our views upon some other questions raised. We incline to the opinion that the testimony of the witness, Christian Smith, as set out in bill of exceptions number 2, should have been excluded. The exclusion of the testimony of other witnesses, of which complaint is made, we think was proper.

Without entering into a discussion of the eighth clause of the charge, to which error is assigned, we doubt if it is entirely free from objection in the manner of stating the measure of damages. The other matters to which errors have been assigned have all been examined, and we find nothing liable to arise from another trial of which complaint can justly be made.

For error in the sixth clause of the charge quoted above, the judgment will be reversed and the cause remanded for a new trial in accordance with this opinion.

*Reversed and remanded.*

Delivered April 18, 1894.