CHARLOTTA LOUISA YOUNG, RESPONDENT, v. S. H. H. CLARK ET AL., RECEIVERS, ETC., APPELLANTS.

*Tort.*

Plaintiff, a child, was injured by defendant's train, while she was crossing a railroad bridge constructed by defendant for the use of its trains, but used also by the public for 17 years as a foot crossing, in a populous city, with the knowledge of defendant and without its objection. Plaintiff was a child 12 years of age, and used every means in her power to get off the bridge as soon as she saw the train coming. The train was running at the unusual rate of speed of 30 or 35 miles per hour

and the child could be seen 2,200 feet before she was overtaken by the train and received the injury complained of. It further appears that the engineer could have stopped the train within 100 to 125 yards after the brakes were applied.

1. *Liability Established by Usage.*

*Held,* that where the public in considerable numbers become accustomed for a considerable length of time to use a bridge or railroad track as a footpath in populous cities or thickly settled communities without molestation or objection from the company, and by reason of such general custom the presence of people upon the track or bridge is probable, or might reasonably be expected, those in control of passing trains are bound to use reasonable diligence and precaution to prevent injury to those who might be thereon, even though they are trespassers.

2. *Use of Railroad Bridges Without Trespassing.*

In view of the circumstances of the case, the locality of the bridge, the length of time it had been used by the public without objection of the defendant, and the tender age of the plaintiff, she cannot be considered a trespasser upon the bridge.

3. *Plaintiff's Age and Contributory Negligence, Questions for Jury.*

The age of the plaintiff was a proper matter for the consideration of the jury under the facts in this case. The care to be used is such as has relation to the situation and condition of the parties, and varies according to the exigencies which may require vigilance and attention; and when contributory negligence is charged against a child it can only be held to that degree of care which might be reasonably expected from one under the same conditions of sex, intelligence, age, and judgment, and the rule to be applied to adults is, therefore, not the same as that applied to children of tender years, as it is the province of the jury to judge of her capacity and ability, and the manner in which she used it on the occasion in question.

4. *Evidence of Negligence.*

Evidence that no bell was rung nor whistle sounded—although to ring the bell or sound the whistle was not the proximate cause of the injury—was admissible as showing negligence on the part of the defendant at a time when a person was seen upon its track.

5. *Evidence from Experiments Made.*

The testimony tending to show that small objects or children

could be seen on the bridge from a curve in the road, on account of the absence of natural objects that might otherwise obstruct the view, was competent, when coming from those who had made the experiment, as bearing upon the care used by the engineer.

(No. 844. Decided Oct. 9, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action by Charlotta Louisa Young, an infant, by Nancy Martin, her guardian, against S. H. H. Clark and others, receivers. Judgment for plaintiff. Defendants appeal. *Affirmed.*

*Williams, Van Cott & Sutherland,* for appellants:

Plaintiff was a trespasser upon the bridge; knew and understood her danger and voluntarily incurred it. Defendants used every effort to prevent the injury as soon as her condition was discovered. She was herself guilty of contributory negligence. *Mason* v. *Ry. Co.,* 27 Kan. 83; *Tuenenbrock* v. *S. P. Ry. Co.,* 59 Cal. 269; *Barker* v. *Ry. Co.* (Mo.), 37 A. & E. Ry. Cas 292; *Spicer* v. *Ry. Co.,* 34 W. Va. 574; *Anderson* v. *Ry. Co,* 87 Wis. 195; *Ward* v. *S. P. Ry. Co.,* 25 Or. 433; *Toomey* v. *S. P. Ry. Co.,* 86 Cal. 374; *Gaynor* v. *Ry. Co.,* 100 Mass. 214; *State* v. *Ry. Co.,* 69 Md. 494; *Ry. Co.* v. *Monday,* 49 Ark. 257; *Ry. Co.* v. *Black,* 45 A. & E. Ry. Cas. 38; *Masser* v. *Ry. Co.,* 68 Ia. 602; *Ry. Co.* v. *Godfrey,* 71 Ill. 500; *Woodruff* v. *U. P. Ry. Co.,* 47 Fed. Rep. 689.

User of the bridge and track as a foot path by the people generally of the vicinity neither excuses plaintiff nor adds to the duties of the defendants. *Ry. Co.* v. *Brinson,* 10 Ga. 207; *Sutton* v. *Ry. Co.,* 66 N. Y. 243; *Ry. Co.* v. *State* (Md.), 19 A. & E. Ry. C. 83 (87), and note; *Ry. Co.*

v. *Godfrey,* 71 Ill. 506; *Mason* v. *Ry. Co., supra; Gaynor* v. *Ry. Co.,* 100 Mass. 214; *Grethen* v. *Ry. Co.,* 22 Fed. Rep. 609; *Anderson* v. *Ry. Co.,* 87 Wis. 195.

The court should have held plaintiff responsible as a matter of law. *Twist* v. *Ry. Co.,* 37 A. & E. Ry. C. 336; *Wendell* v. *Ry. Co.,* 91 N. Y. 420; *Tucket* v. *Ry. Co.,* 124 N. Y. 308; *Reynolds* v. *Ry. Co.,* 58 N. Y. 248; *Masser* v. *Ry. Co.,* 68 Ia. 602; *Rodgers* v. *Lees* (Pa.), 12 L. R. A. 216; *Robinson* v. *Ry. Co.,* 7 Utah 493; *Messenger* v. *Dennie,* 50 Am. Rep. 295; *Ecliff* v. *Ry. Co.,* 64 Mich. 196.

*Richards & Macmillan* and *A. E. Pratt,* for respondent.

Whether the plaintiff was *sui juris* and of an age and intelligence to be charged with full legal responsibility for her own negligence and fully understood her danger, were properly submitted to the jury. Jones on Evidence, sec. 98; *Ry. Co.* v. *Gladman,* 15 Wall. 401; *Strawbridge et al.* v. *Bradford,* 128 Pa. St. 200; *Whalen* v. *Ry. Co.,* 75 Wis. 654; *Ry. Co.* v. *Whipple,* 39 Kan. 531; *Kerr* v. *Fergue,* 54 Ill. 482; *Ry. Co.* v. *Becker,* 76 Ill. 25; *Benton* v. *Railroad Co.,* 55 Iowa 496; *Ry. Co.* v. *Bohn,* 27 Mich. 503, 513; *Lovett* v. *Railroad Co.,* 9 Allen 557; *Plumley* v. *Birge,* 124 Mass. 57; *Kunz* v. *City of Troy,* 104 N. Y. 344; *Railroad Co.* v. *Stout,* 17 Wall. 657; *Roth* v. *Union Depot Co., supra; Nav. Co.* v. *Hendrick,* 1 Wash. 446; *Mowery* v. *Ry. Co.,* 51 N. Y. 666; *Morgan* v. *Ry. Co.,* 38 N. Y. 455; *O'Mara* v. *Ry. Co.,* 38 N. Y. 455; *Smith* v. *O'Connor,* 48 Pa. 218; *Railroad Co.* v. *McTighe,* 46 Pa. 316; *Huff* v. *Ames, supra; Baker* v. *Ry. Co.,* 68 Mich. 90.

The same rule was held to apply to a boy of 12 years old, killed while riding on a freight train in front of an engine, in *Ecliff* v. *Ry. Co.,* 64 Mich. 196, and to another boy 12 years of age, in *Williams* v. *Ry. Co.,* 96 Mo. 275, and to a boy 11½ years old, *Eswin* v. *Ry. Co.,* 96 Mo. 290.

*Parish* v. *Eden,* 62 Wis. 272; *Langhoff* v. *Ry. Co.,* 19 Wis.
489; *Curry* v. *Ry. Co.,* 43 Wis. 685; *Leavitt* v. *Ry. Co.,* 64
Wis. 228.

"The age and infancy of the plaintiff must be con-
sidered in such a case, even if he is of such an age as to be
*sui juris* in respect to many other things." 2 Thompson on
Negligence, 1180; *Hemmingway* v. *Ry. Co.,* 72 Wis. 42.

It was not error to admit evidence that the bell was
not rung nor the whistle sounded. 3 Jones on Evidence,
sec. 899 and notes; *Ry. Co.* v. *Morrison* (Colo. 1893), 32
Pac. 859; *Curr* v. *Hundley* (Colo. 1893), 31 Pac. 940;
*Ferguson* v. *McBean* (Cal.), 35 Pac. 561; *Jory* v. *Sup. Coun-
cil, etc.* (Cal.), 38 Pac. 527; *Chase* v. *Caryl* (N. J. L.), 31
Atl. 1030, 1031; *Tullidge* v. *Wade,* 3 Wils. 18; *Harford* v.
*Wilson,* 1 Taunt. 12; *Doe* v. *Tyler,* 6 Bing. 651; *Prince* v.
*Shepard,* 9 Pick. 176; *Myers* v. *Hollingsworth,* 26 N. J. L.
186.

MINER, J.:

This action was brought to recover damages for per-
sonal injuries claimed to have been sustained by plaintiff,
a child 12 years old, by being run down and struck by a
locomotive on a passenger train operated by defendant,
in June, 1896, while plaintiff was crossing defendant's
bridge spanning the Ogden river, situated a half mile
north of the passenger depot in Ogden City. The evidence
tends to show that for about 17 years the custom and
practice existed for people residing on the north side of
Ogden river, near the railroad, in Glascow addition, to
use the defendant's bridge and railroad track as a foot-
path crossing to and from the city, for children attending
school, and for other purposes, until from 50 to 200 per-
sons would cross the bridge daily. About 5 o'clock p. m.
of the day of the accident,—a clear day,—the plaintiff,
who resided with her mother on the south side of the

bridge, was sent on an errand to her grandmother, who resided in Glascow addition, and her brother, nine years of age, was sent with her. Upon reaching the south side of the bridge, the girl stopped, listening and looking both ways, to see if a train was coming, as she knew it was about time for the train, but, not hearing or seeing it, started north, crossing the railroad bridge. There was no hand rail, foot bridge, or planking on the bridge, except the ties to walk upon. The bridge was 134 feet long and 12 feet wide, with water running under it. When about half way across the bridge, or about 65 feet from the south end of it, the girl saw an engine with a train coming towards her from the north at the rate of about 30 miles an hour. From the point where the train rounded the curve to the bridge where the children stood there was a straight level track for a distance of about 2,200 feet. The bridge curved up, and was higher in the center than the track, and has a line of stringers higher than the bridge on the outside of the rails, bolted to the bridge. The children could plainly be discerned as the train rounded the curve, and from any point on the track between the curve and the bridge. Plaintiff's foot was large enough to span the distance between the ties. On discovering the engine, the children became frightened, and screamed, and commenced to run back off the bridge with their backs to the engine. In doing so, the little boy caught his foot in the ties. Plaintiff got him up, and ran a few steps further. Then plaintiff placed the boy on the end of a projecting beam of the bridge outside of the rails for safety, and she continued to run over the bridge away from the train. As she ran, she looked back three times, to watch the train, and fell each time, recovered herself, and ran again. When within 10 feet of the south end of the bridge, she slipped, fell, and was struck

in the left side by the pilot of the engine, and, with face upward, was pushed along the track about 30 feet, until the train was stopped.. She was seriously injured. Plaintiff knew trains passed over the bridge each way at all hours of the day and night. She had frequently crossed the bridge, and knew how long it took. She was familiar with the time the trains usually 'crossed the bridge. Plaintiff and her brother were on the bridge four or five minutes before the train struck her. Plaintiff's testimony tends to show that no bell was rung or whistle blown by the engineer. The engineer of defendant testified, in substance: That the train was running 30 or 35 miles an hour. That, as the train came around the curve, there were two men walking on the track towards the engine, whose presence intercepted his view of the bridge and track south. These persons were about half way between the curve in the road and the bridge,—about 1,000 feet east from the bridge. These men shortly stepped off the track, and when they did so he saw the children on the track, but could not tell at first whether they were on the bridge or not. He soon saw they were on the bridge, and that the girl was excited. When he saw the children, the engine was over 100 yards from the bridge. That as soon as he saw the children on the bridge he applied the air as quick as he could get hold of the lever, reversed the engine, and applied sand. Everything was done that could be done to stop the engine. That he must have run 100 yards after the air brakes were applied. The engine struck the girl, and pushed her along several feet. Thinks the train could be stopped, running as that was, in 600 feet. This train must have run nearly 2,000 feet before it stopped. The bell was rung and the whistle sounded. The fireman gave similar testimony, and stated that the engine could be stopped, running as fast as that one was,

in about 100 or 125 yards, and that the engine was stopped as soon as it could be.

The defendant insists that the plaintiff was a trespasser upon the bridge, and knew of the danger which she voluntarily assumed, and was guilty of contributory negligence. For many years previous to the accident, the public, without any objection from the defendant or its officers, had used this bridge as a footpath in crossing the river from one part of a populous city to' another, during all hours of the day and night. The train was running at the unusual rate of 30 or 35 miles an hour, within the limits of a populous city. The plaintiff was a child 12 years of age. The engineer saw the child on the bridge when from 1,000 to 2,000 feet away, and could have stopped the train, going at the rate of speed it was going, in from 400 to 600 feet. The defendant was not ignorant of the use to which the bridge and track were being put by the public, and its consent to such use, although not directly admitted, is clearly inferable. Under ordinary circumstances, a railroad company owes no duty to trespassers upon its tracks or bridges; but such a trespasser should not be wantonly or willfully run over when it is perceived that he is in a position of danger, from which he may not escape by his own exertion. In such cases there arises on the part of the company a duty to use all reasonable care and diligence to prevent injury. So, where the public in considerable numbers have been accustomed for a great length of time to use a bridge or railroad track as a footpath in populous cities or thickly settled communities, without molestation or objection from the company, and by reason of such general custom the presence of people upon such track or bridge is probable, or might reasonably be anticipated, those in control of passing trains are bound to use reasonable diligence

and precaution to prevent injury to those who might be thereon, even though they were trespassers. When we consider the circumstances shown in this case, and the locality of the bridge in question, the length of time it had been used by the public without objection by the company, and the tender age of the plaintiff, we are unhesitatingly impelled to the conclusion that she was not a trespasser upon the bridge, and that the defendant's duty was to use all reasonable care in moving its locomotive and cars across the bridge. *Barry* v. *Ry. Co.*, 92 N. Y. 292; *Hooker* v. *Ry. Co.*, 76 Wis. 542; *Cahill* v. *Ry. Co.*, 74 Fed. Rep. 285; *Hyde* v. *Ry. Co.*, 7 Utah 361; *Hansen* v. *Ry. Co.*, 105 Cal. 379; *Taylor* v. *Canal Co.*, 113 Pa. St. 162. *Roth* v. *Union Depot Co.*, 13 Wash. 525; *Baker* v. *Ry. Co.*, 68 Mich. 90; *Troy* v. *Ry. Co.*, 99 N. C. 298.

We are of the opinion that when the community, situated as this was with reference to the bridge, have for 17 years been accustomed to use the bridge as a footpath, without objection, the company is chargeable with notice of such usage and owes a duty to use reasonable care to prevent injury to persons that are liable to be crossing the same, even though they do so without authority. 19 Am. & Eng. Ency. of Law, p. 937; *Ward* v. *Railroad Co.*, 25 Or. 433; *Campbell* v. *Railroad Co.*, 40 Pac. Rep. 998; *Roth* v. *Union Depot Co.*, 13 Wash. 525.

The age of the plaintiff was a proper matter for the consideration of the jury under the facts in this case. The care to be used in such cases has relation to the situation and condition of the parties, and varies according to the exigencies which may require vigilance and attention, and when contributory negligence is charged against a child, he can only be held to that degree of care which may be reasonably expected from one under the same conditions of sex, intelligence, age, and judgment. The rule

to be applied to an adult is quite different from that to be applied to a child of tender years. Of a child of 12 years, less discretion is required than from one much older. The degree of care to be exercised must depend upon the age, knowledge, experience and capacity of the child. And this should be determined in each case by the circumstances surrounding it under the evidence, and in cases where contributory negligence is a question for the jury, as it was in this case, it is the province of the jury to judge of her capacity and ability, and the manner in which she used the same on the occasion in question. *Railroad Co.* v. *Gladman,* 15 Wall. 401; *Strawbridge* v. *Bradford,* 128 Pa. St. 200; *Baker* v. *Flint Railroad Co.,* 68 Mich. 90; *Railroad Co.* v. *Kennedy,* 43 Pac. Rep. 804; *Ecloff* v. *Railroad Co.,* 64 Mich. 64; *Kerr* v. *Fergew,* 54 Il. 482; *Whalen* v. *Railroad Co.,* 75 Wis. 654.

After several witnesses for the plaintiff had testified, without objection, that the bell was not rung nor the whistle sounded by the engineer at the time in question, another witness for the plaintiff was asked the same question, and his testimony admitted under objection, but no motion was made to strike out the testimony of the other witnesses on that subject.

This injury occurred in a well populated city. Just before the bridge was crossed the train was running at a high rate of speed for such a locality. Failure to ring the bell or blow the whistle before crossing the bridge had a bearing upon the charge that the defendant run its train recklessly, and as tending to show negligent conduct on the part of the defendant at a time when a person was seen upon its track.

While the failure to ring the bell or sound the whistle was not a proximate cause of the injury, yet it was one of the means that could have been used by the engineer to

warn the plaintiff of approaching danger from the time she was first observed upon the track.

The testimony tending to show that small objects or children of the size of the boy could be seen on the bridge from the curve in the road, on account of the absence of natural objects that might otherwise obstruct the view was competent when coming from those who had made the experiment, as it bears upon the question as to the care used by the engineer, and as to whether he could see the children from that locality.

Upon the whole record we find no error.

The judgment of the district court is affirmed.

ZANE, C. J., and BARTCH, J., concur.