WILHELMINA MEYER ET AL. v. WALKER-SMITH GROCER COMPANY ET AL.

Decided April 27, 1910.

**1.—Contract—Settlement.**

The sole beneficiary of a contract has a right to make a settlement with the promissor, though the terms are other than those originally agreed on and the settlement is without the consent of a third party who has advanced the consideration for the benefit of the promisee.

**2.—Same—Case Stated.**

Husband and wife conveyed homestead property to merchants on their agreement to buy in at a bankrupt sale a stock of goods belonging to the son of the grantors, place him in control, and convey the stock to him when he should repay his indebtedness to them. A controversy arising between the merchants and the son about the performance by them respectively of this undertaking was settled by them on terms satisfactory to the son, but not involving the reconveyance to him of the stock of goods or his continuance of the business. Held, that the promise of the merchants was solely for the benefit of the son; that he could agree with them on the terms of settlement without consent of the parents; and that the latter could not recover back the land conveyed because the grantees had not complied with the terms of the contract for which their conveyance formed the consideration.

**3.—Contract—Setting Aside—Return of Consideration.**

A husband and wife conveyed homestead property as consideration for a contract of the grantee with their son; a settlement of the grantee's undertaking was made by them and the son, in pursuance of which the father re-received a conveyance of land which became thereby community property of himself and wife. The widow and heirs of the father, then dead, sued to recover back the property originally conveyed, repudiating the settlement. Held, that they could not maintain such action without tendering return of the property acquired by them in the settlement.

Appeal from the District Court of Mills County. Tried below before Hon. Jno. W. Goodwin.

*Goodson & Goodson,* for appellants.

*Harrison & Wayman,* for appellees.

KEY, CHIEF JUSTICE.—The nature and result of this suit are stated in the following manner in appellant's brief:

"This was a suit by Wilhelmina Meyer, joined by her husband C. Meyer, and after the death of her husband joined in and prosecuted by the heirs of C. Meyer, against Walker-Smith Grocer Co. and Jesse Scott, to recover five acres of land in Mills County, Texas, alleged to be a part of the homestead of Wilhelmina Meyer, and which five acres had theretofore been conveyed by Wilhelmina Meyer and her husband to Temple Grocer Co., a corporation succeeded by Walker-Smith Grocer Co. The grounds alleged in the petition, so far as the same are applicable to the alleged error on this appeal, were that said five acres, being a part of the homestead of Wilhelmina Meyer, she was induced to execute and deliver a deed to the same on the representations and promise of the Temple Grocer Co., to whom her son E. M. Meyer was largely indebted, that the Temple Grocer Co. would buy at bankrupt sale the stock of goods of E. M. Meyer, and put the same under control of E. M. Meyer to conduct and sell, and that as soon as E. M. Meyer, in the operation of said business, could repay to the Temple Grocer Company the amount paid out for said stock, and the costs of operating the same, and what E. M. Meyer owed the Temple Grocer Co., the Temple Grocer Co. would reconvey said stock of goods to E. M. Meyer, and he should be the owner, and conduct and operate the same as his own business; and it is alleged that it was for this purpose and under these promises and induced by that consideration that she executed the deed. It is further alleged that the Temple Grocer Co. and its successor, Walker-Smith Grocer Co., violated these promises, and after having received all the consideration due from E. M. Meyer, refused to reconvey said stock. To this part of the allegations of the plaintiff's petition Walker-Smith Company replied by a pleading in which it was set forth that, subsequent to the contract as pleaded by plaintiffs, said corporation had a full settlement with E. M. Meyer, and in that settlement E. M. Meyer received certain benefits from Walker-Smith Company, in consideration of which E. M. Meyer acknowledged settlement in full on every account, and fully discharged Temple Grocer Company from any liability to him whatever by reason of all the contracts and engagements that had existed between them up to the time of said settlement. All these matters are fully outlined in the agreed statement in the record. The trial was before the court, and on the admitted state of facts contained in said agreement the court held, as a matter of law, that the settlement between Walker-Smith Company and E. M. Meyer estopped Wilhelmina Meyer and the plaintiffs and gave judgment against them."

We also copy from appellee's brief the following correct statement: "The agreed statement shows that appellees, Walker-Smith Company and Jesse Scott, introduced evidence which sustained the allegations contained in paragraph 5 of Walker-Smith Company's first amended original answer, and that all the facts therein alleged were proved by the undisputed evidence, except that Wilhelmina Meyer was not a party to the agreement of compromise and settlement alleged in said

paragraph 5 of said answer. The undisputed evidence also showed that the agreement alleged in said original petition, if ever made, or pretended to be made, was for the sole benefit of E. M. Meyer, who alone would have received the stock of goods, or the remnant thereof upon the contingency alleged in said petition, and all the benefits of the contract therein alleged, as made or pretended to be made by Walker-Smith Company. Amongst other things, paragraph 5 of defendant Walker-Smith Company's first amended original answer (the allegations of which are conceded to be true) and the undisputed facts show: That if said Walker-Smith Company did, through J. A. Walker or otherwise, make or enter into the agreements, representations and obligations alleged in plaintiff's petition, then that said E. M. Meyer, at the time said agreements, representations and obligations were made and entered into, and afterwards, before the appellants sought to rescind and cancel said deed of conveyance, agreed to and accepted the same, and that the same matters in controversy were settled, compromised and discharged, as shown in said paragraph of said answer, substantially as follows:

"That prior to Jan. 12, A. D. 1904 (plaintiff's original petition was filed Feb. 12, A. D. 1904), plaintiffs and E. M. Meyer were asserting and claiming that Temple Grocer Company (Walker-Smith Company), through the agreements alleged in their petition, and the representations and promises therein alleged, incurred to E. M. Meyer the obligations in plaintiffs' petition alleged, and that said E. M. Meyer was then entitled to have and require Walker-Smith Company to perform said agreement, and make good said representations, etc.; that Walker-Smith Company was denying all this, and that on the 12th day of January, A. D. 1904, in order to settle, compromise and adjust the controversy so existing between the parties to this suit, it was agreed between C. Meyer and E. M. Meyer that Walker-Smith Company should, and it did accordingly on that date, convey to C. Meyer the lands and premises described in Tr., p. 20. And for the same purposes Walker-Smith Company agreed to do and did do the other things alleged in said paragraph and shown on pages 20 to 21 of the transcript, and that it was expressly stipulated in the agreement then made that C. Meyer and E. M. Meyer did thereby release and discharge Walker-Smith Company from any and all obligations of every character whatsoever theretofore asserted against Walker-Smith Company by said C. Meyer or by said E. M. Meyer or either of them."

Appellants' brief contains but one assignment of error, and the sole proposition urged thereunder is: "Wilhelmina Meyer, the mother of E. M. Meyer, having contracted with Walker-Smith Grocer Co. for the benefit of E. M. Meyer that, in the contingency stated in her petition, Walker-Smith Grocer Co. would reconvey to her son the stock of goods and storehouse as his own property, that he might conduct and operate on his own account the business of a merchant in said premises and on said stock of goods, in addition to the benefit direct to E. M. Meyer therein, it was a material matter to Wilhelmina Meyer, and a right that she had the right to contract about, that she was contracting on her own account for the benefit she desired her son to obtain in becoming the owner of the premises and operating the regu-

lar business of a merchant, and the advantages to be obtained by him in the regular pursuit of that business; that is, that a mother has the right to plan out a course in life to be pursued by her son, and that is a right of her own, independent of the direct benefits that goes to the son; and in this case, she having done so, Walker-Smith Grocer Co. and her son, without her consent, had no right to change or abrogate this contract, and the same was not binding on her; and, they having done so, it entitled her to recover back the consideration that she had parted with to obtain this contract, on her own account, for her son."

Mrs. Meyer alleged in her petition that the consideration which induced her to sign and acknowledge the deed conveying a part of her homestead was the promise of Walker-Smith Company to return to her son E. M. Meyer the remainder of the stock of goods bought by them at the bankruptcy sale, after the payment of the Walker-Smith Company's debt and reimbursement for expenses. The petition did not allege, nor did the proof show, that by the terms of the contract, which formed the basis for the deed, a forfeiture of title to the five acres of land, or any other specified penalty, was to result from the failure of Walker-Smith Company to literally perform their part of that contract. By the terms of that contract the company undertook, upon the happening of a given contingency, to do a particular thing, not for the benefit of Mrs. Meyer, but for the benefit of her son E. M. Meyer; and the contract was not so framed and expressed as to deprive E. M. Meyer of the power to enter into a subsequent contract which would release the company from performing its original obligation. According to the agreed facts upon which the case is submitted in this court, the agreement set up in the plaintiffs' petition, if ever made, was for the sole benefit of E. M. Meyer, who alone would have received the stock of goods or the remnant thereof upon the contingencies alleged in the petition, and all the benefits of the contract therein alleged. When that contract was consummated and E. M. Meyer accepted the same, which was all done before this suit was instituted, he was the only person thereafter interested in its performance, and could have maintained an action in his own name for its enforcement (Spann v. Cochran & Ewing, 63 Texas, 240; Mathonican v. Scott, 87 Texas, 396). Such being the case, and there being no stipulation in the contract which prohibited E. M. Meyer from changing its terms, it follows as a necessary corollary that he had the power and right to accept in full discharge something else in lieu of what he was to receive under the contract. However much Mrs. Meyer may have been interested in the welfare of her son, she had no legal interest in these matters, and therefore can not be heard to complain because the contract was discharged in a different manner than was contemplated by the original agreement.

If it be conceded, as contended by appellants' counsel, "that a mother has the right to plan out a course in life to be pursued by her son, which is a right of her own, independent of direct benefits that go to the son," still she can not, in the absence of a contract specifically requiring such course to be pursued, have any legal redress

for a failure to pursue such course. According to the plaintiffs' petition, and the evidence submitted in support thereof, all that the Walker-Smith Company agreed to do was to deliver to E. M. Meyer the remainder of the property, and if it had done so he could have immediately sold it back to the company and declined to pursue the avocation which his mother says she had planned for him. Such being the case, it seems idle to contend that, instead of accepting literal performance, he could not accept some other benefit that was more satisfactory to him.

Furthermore, Mrs. Meyer's husband, under whom the other appellants claim, was a party to the compromise agreement; and, as part of that agreement, he received a deed conveying to him a tract of land which became community property 'between himself and Mrs. Meyer. Hence it would seem, that, before any of the appellants could set aside and avoid the effect of the compromise referred to, they should offer to surrender the tract of land obtained by them through and under the compromise.

No error has been shown and the judgment is affirmed.

*Affirmed.*