GULF, C. & S. F. RY. CO. v. WHITFIELD.
(No. 5966.)

(Court of Civil Appeals of Texas. Austin. Nov. 6, 1918.)

1. EVIDENCE ⊚═150—RESULT OF EXPERIMENTS.

In action for death of operator of motorcar, struck by defendant's passenger train on a downgrade curve, upon which deceased had stopped, it was error to exclude evidence of experiments under the same conditions, showing the distance at which a man sitting on the end of a tie at the place of the accident could be seen by a person in the locomotive cab.

2. RAILROADS ⊚═400(14)—PERSONAL INJURY—DISCOVERED PERIL.

In an action for death of the operator of a motorcar, struck by defendant's train, it was not error to submit the issue of discovered peril, notwithstanding evidence that the engineer did not see deceased until too late was undisputed, since the jury might not have believed it.

3. NEGLIGENCE ⊚═136(14) — WHAT CONSTITUTES—QUESTION FOR JURY.

Whether doing or failing to do any particular act is negligence is for the jury, unless it be one commanded or forbidden by law, or where the evidence is so conclusive that the act done or omitted was negligence that reasonable minds could come to no other conclusion.

4. RAILROADS ⊚═312(8)—PERSONAL INJURY—WARNING.

Where the killing of operator of motorcar by a passenger train did not occur at a crossing, and where deceased was not on the road when hurt, the statute requiring a whistle to be blown when approaching a crossing has no application.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by Ruby Whitfield against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Nat Harris and Allan D. Sanford, both of Waco, for appellant.

T. P. Stone, Cross & Rogers, and W. E. Terrell, all of Waco, for appellee.

JENKINS, J. This suit was brought by appellee to recover damages on account of the death of her husband, Will Whitfield, alleged to have been occasioned by the negligence of appellant.

Deceased had been to Waco, and had returned to South Bosque on a motorcar. About a half mile before reaching South Bosque his hat blew off. He went back to look for it. Shortly after this he was struck by appellant's passenger train, and was injured so that he died soon thereafter.

The place where deceased was struck was on a curve and on downgrade. It was shown that the train could not have stopped at that place under about 450 feet. The conductor testified that he first discovered the deceased when he was about 60 or 70 feet from him. Appellant sought to prove by several witnesses, who made the experiment under the same conditions as existed at the time deceased was injured, that a man sitting on the end of a tie at the place where the injury occurred could not have been seen by a person in the cab farther than 130 feet. The court refused to permit this testimony to be given to the jury. This constituted reversible error.

[1] It is permissible to prove the existence or nonexistence of a fact by experiments made for that purpose under circumstances substantially the same as those existing at the time of the occurrence or nonoccurrence of the alleged fact. Railway Co. v. Ramsey, 43 Tex. Civ. App. 603, 97 S. W. 1067; Railway Co. v. Olds, 112 S. W. 787; Baker v. Loftin, 198 S. W. 159; Byers v. Railway Co., 94 Tenn. 345, 29 S. W. 128; Harrison v. Railway Co., 93 Miss. 40, 46 South. 408; Johnson v. Railway Co., 80 Kan. 456, 103 Pac. 90; Fisher v. Insurance Co., 124 Tenn. 450, 138 S. W. 316, Ann. Cas. 1912D, 1246; Railway Co. v. Hudson, 2 Ga. App. 352, 58 S. E. 500; Armsbary v. Railway & Light Co., 78 Wash. 379, 139 Pac. 46; Young v. Clark, 16 Utah, 42, 50 Pac. 832; Leonard v. Railway Co., 21 Or. 555, 28 Pac. 887, 15 L. R. A. 226; 10 R. C. L. §§ 188–190, 5 Enc. Ev. 473 et seq.; Freeman v. Belinoski, 152 S. W. 882.

[2] We overrule appellant's assignment to the effect that it was error to submit the issue of discovered peril, for the alleged reason that the undisputed evidence showed that the engineer did not see the deceased until it was too late to stop the train before striking him. It is true that the engineer so testified; but he was an interested witness,

and the jury may not have believed his testimony. If the rejected testimony had been admitted, the appellant's proposition would be correct.

The charge of the court with reference to failure to blow the whistle or ring the bell was upon the weight of the evidence. The effect of the charge upon this issue was to tell the jury that such failure was negligence.

[3] Whether doing or failure to do any particular act is negligence is for the jury, unless it be one commanded or forbidden by law, or the evidence is so conclusive that the act done or failed to be done was negligence that reasonable minds could come to no other conclusion. Railway Co. v. Lee, 70 Tex. 496, 7 S. W. 857; Houston Electric Co. v. Nelson, 34 Tex. Civ. App. 72, 77 S. W. 978; Railway Co. v. Grubbs, 7 Tex. Civ. App. 53, 26 S. W. 326; Scott v. Railway Co., 93 Tex. 625, 57 S. W. 802; Traction Co. v. Levyson, 52 Tex. Civ. App. 122, 113 S. W. 572; Railway Co. v. Wafer, 62 Tex. Civ. App. 74, 130 S. W. 713; Boldt v. Traction Co., 148 S. W. 832; Mfg. Co. v. Femelat, 35 Tex. Civ. App. 36, 79 S. W. 872; Heldt v. Webster, 60 Tex. 209; Railway Co. v. West, 174 S. W. 290.

[4] As the injury did not occur at a crossing, and as deceased was not on a road when he was injured, the statute requiring a whistle to be blown when approaching such crossing has no application in the instant case. Railway Co. v. Saunders, 101 Tex. 257, 106 S. W. 321, 14 L. R. A. (N. S.) 998, 16 Ann. Cas. 1107; Railway Co. v. Shoemaker, 98 Tex. 455, 84 S. W. 1049; Railway Co. v. Mallard, 60 Tex. Civ. App. 199, 127 S. W. 1118.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.