SPEARS v. THE TOWN OF MT. AYR.

1. **Practice**: MOTION FOR NEW TRIAL: TIME ALLOWED BY COURT: ACQUIESCENSE OF PARTIES. Where the court made an order allowing defendant twenty days in which to file a motion for a new trial, and plaintiff twenty days after the filing of such motion to file exceptions thereto, and no objection was made to said order at the time, and defendant, having filed a motion for a new trial prior to the making of the order, filed an amendment thereto within the twenty days, and plaintiff filed her exceptions under the order, *held* that she could not in this court be heard to object to the amendment because it was not filed within three days after the verdict, as required by section 2838 of the Code.

2. ———: ———: NEWLY-DISCOVERED EVIDENCE: QUESTION FOR JURY. Where defendant had made a sufficient showing for a new trial on the ground of newly-discovered evidence of admissions made by plaintiff, and plaintiff filed affidavits contradicting the alleged admissions, a new trial should have been granted, because it was defendant's right to have the issue thus raised submitted to a jury.

3. **Instructions without Evidence**: ERROR WAIVED BY ASKING INSTRUCTIONS. It is error to instruct upon a theory of a case of which there is no evidence, but one who requests the court so to instruct in substance, though the particular instructions asked are not given, cannot afterwards complain of such error.

4. **Evidence**: OPINIONS SHOULD BE EXCLUDED. It was error to allow witnesses in this case to give their opinions to the effect that the sidewalk complained of was not a good one, and that plaintiff was not able to do her ordinary work after she was injured on the walk.

*Appeal from Ringgold Circuit Court.*

THURSDAY, SEPTEMBER 24.

THE plaintiff claims that, while passing along a sidewalk upon one of the streets of Mt. Ayr, she stepped upon a loose board in the walk and fell, and was thereby seriously and permanently injured. She alleges that the sidewalk was " not properly constructed, and had become dangerous to passers, and had remained so for a long time, and that said town had been duly notified, prior to said injury    *    *    *

that the defect in said sidewalk was in the construction; that
the defect was covered by a broken board on said sidewalk."
She further claims that said injury was received without any
fault or negligence on her part. The defendant denied each
and every allegation of the petition, excepting the averment
that the defendant is a municipal corporation. There was a
trial by jury. Verdict and judgment for the plaintiff, and
defendant appeals.

*I. W. Keller, Henry & Spence* and *Laughlin & Camp-
bell*, for appellant.

*R. F. Askren*, for appellee.

ROTHROCK, J.—I. On the next day after the verdict was
returned the defendant filed a motion for a new trial, and
alleged as grounds therefor that the verdict was
excessive, and was contrary to the instructions
given by the court to the jury. On the same
day the following order was entered of record:
" And now, on this thirteenth day of April, 1883, it is
ordered by the court that defendant has twenty days from the
rising of court to prepare and file motion for a new trial, and
plaintiff twenty days from the time of defendant's filing
theirs to prepare and file a showing of resistance to said
motion, and the same submitted in vacation." On the sec-
ond day of May, 1883, the defendant filed an amendment to
its motion for new trial upon several grounds, one of which
was newly-discovered evidence. This last ground of the
motion was supported by the affidavits of five persons. On
the twenty-first day of May, 1883, the plaintiff filed the affi-
davits of six persons in resistance of that ground of the
motion founded on newly-discovered evidence. The defend-
ant afterward filed a counter affidavit, and the motion was
submitted to the court upon said evidence, and was overruled
at the next term of the court.

The plaintiff insists that the amendment to the motion for

1. PRACTICE:
motion for
new trial:
time allowed
by court: ac-
quiescense of
parties.

a new trial cannot be considered, and the ruling thereon cannot be reviewed, because it was not filed within three days after the verdict, as required by section 2838 of the Code. If the record merely disclosed that the amendment to the motion was filed more than three days after verdict, and the plaintiff had not appeared thereto without objection upon that ground, the point made by counsel might be well taken. But the time for filing the amendment to the motion was fixed by an order of the court, in which the plaintiff was given time to make resistance to the motion. To this the plaintiff not only made no objection, but accepted the provisions of the order by making the resistance above mentioned, and the record does not show that any objection was made at any time to the extension of time for filing the amendment to the motion. Under these circumstances it should be presumed that the plaintiff assented to the order made by the court. Any other ruling would be inconsistent with the acts of the plaintiff in the court below.

II. We have been thus particular to set out the record bearing upon this question, because we think that the judgment must be reversed for what we regard as error in overruling that part of the motion based upon the newly-discovered evidence. This newly-discovered evidence, as shown by the affidavit of two witnesses, consists of admissions made by the plaintiff, which plainly show that she was chargeable with negligence, by reason of which she received the injury of which she complains. The defendant shows that there was no negligence in not discovering the evidence in time to introduce it upon the trial, and it is not vulnerable to the objection that it is merely cumulative. It is true that the plaintiff introduced the affidavit of herself and others contradicting the alleged admissions. But we think it was the right of the defendant to have the newly-discovered evidence submitted, with the other facts, to the court, or to a jury, upon a new trial. It is not not necessary that we should set out these

*2. ——: ——: newly-discovered evidence: question for jury.*

affidavits at length. If they are true, the plaintiff knew of the defect in the walk, and carelessly and without excuse stepped into it, and is not entitled to recover.

III. The plaintiff alleged in her petition that the walk was carelessly and negligently constructed. There was no evidence whatever upon this branch of the case.

**3. INSTRUC-TIONS without evidence: error waived by asking instructions.** The court instructed the jury the same as if there was such evidence. The defendant assigns error upon this instruction. The assignment of errors would, no doubt, be well taken, if it were not for the fact that the defendant, in certain requests to charge, asked that the same thing be given in the charge to the jury. It is true, the defendant's requests to charge were refused. They were probably refused because the court embodied the same thing in the instructions given on its own motion, and the defendant ought not to complain of instructions the substance of which it asked to be given.

IV. There are other errors assigned and argued. Among them is the overruling of an objection to the testimony of a witness, in which he gave it as his opinion that the walk was not a good one. And objections were made to the testimony of a witness to the effect that the plaintiff was not able to do her ordinary work after she received the injury. The evidence of these witnesses, so far as they partook of the nature of opinions, should have been excluded. In view, however, of all the other evidence in the case, we might not be inclined to reverse the judgment for these errors. It is probable that the evidence was not prejudicial.

**4. EVIDENCE: opinions should be excluded.**

For the error in overruling the motion for a new trial on the ground of newly-discovered evidence, the judgment will be

REVERSED.