Delivered April 25, 1894.

---

## Fort Worth & Denver City Railway Company v. Chris. Peters.

### No. 359.

1. **Pleading—Negligence—Railway Company.**—Plaintiff's petition against a railway company alleged that B. was foreman of the section gang to which plaintiff belonged, and had power to employ and discharge the hands subject to his control; that he directed plaintiff to take a standing position on the hand car upon which they were moving; and that when plaintiff was in that position, B., who was directing the movements of the car, permitted it to be run at a dangerous speed, and then, without warning to plaintiff, caused it to be suddenly stopped, whereby plaintiff was thrown off and injured, without negligence on his part. *Held*, good on demurrer, as sufficiently alleging negligence on the part of the foreman in permitting the car to be run in a dangerous manner, and the absence of negligence on the part of plaintiff.

2. **Charge of Court—Harmless Error.**—The court charged the jury that plaintiff was entitled to recover if they found that the foreman commanded plaintiff to take an extra hazardous position on the hand car, and negligently caused it to be run at a dangerous speed, and negligently caused it to be suddenly stopped, thus throwing plaintiff off, without any contributory negligence on plaintiff's part. There was no allegation or proof that the foreman caused plaintiff to take the hazardous position, nor did the evidence show negligence in causing the car to be suddenly stopped; but only in causing it to be run at a dangerous speed. *Held*, that while the charge erroneously imposed an extra burden of proof on plaintiff, this error in defendant's favor afforded it no ground of complaint.

3. **Fellow Servants—Section Hands.**—A section foreman, with authority to employ and discharge section hands, is not a fellow servant of those under his control.

4. **Master and Servant—Risks of Employment.**—Where a section hand is injured by reason of the negligence of the foreman in charge of a hand car in permitting it to be run at a dangerous speed, the case does not call for a charge upon the risks assumed by plaintiff in entering the service.

Error from Wise.   Tried below before Hon. J. W. Patterson.

*Stanley, Spoonts & Meek*, for plaintiff in error.—1. The plaintiff's petition fails to disclose any cause of action against the defendant, because it appears therefrom that if there was any danger or hazard attending the position occupied by the plaintiff on said car it was fully known to him, and it also appears therefrom that he had full knowledge of the rate of speed at which said car was being propelled, and

still maintained the position given him by the section foreman on said car.

If plaintiff's injury was contributed to by his own negligence or want of care, he can not recover; and it was the active duty of plaintiff to do all in his power to avoid the injury, and the burden was on him to show in his petition that he could not have avoided the injury by use of care. Railway v. Fowler, 56 Texas, 452; Wood's Mast. and Serv., secs. 328, 335, 373, 376, 746; Beach Con. Neg., sec. 123; Pierce on Rys., 379; 2 Thomp. on Neg., 1008; 2 Rorer on Rys., 831, 832; Brandon v. Mfg. Co., 51 Texas, 121; Hamilton v. McPherson, 84 Am. Dec., 330.

2. In its most extended application the courts have never gone beyond holding that the employe, in order to take him out of the position of fellow servant, must have charge of a special department of the company's business directly from and under the company, with full power to employ and discharge servants; and in this case we submit that the petition does not show that the section foreman, Brooks, had charge of any department of the defendant. Railway v. Williams, 75 Texas, 4; Railway v. Farmer, 73 Texas, 85; Wall v. Railway, 4 Texas Law Rev., 37; 2 Rorer on Rys., 832, 833; Peschel v. Railway, 17 Am. and Eng. Ry. Cases, 545.

*Carswell, Fuller & Terrell,* for defendant in error.—1. The petition alleged that the position was not dangerous if the hand car had been handled carefully and properly, and in the usual manner; that said car was so suddenly stopped by procurement of the foreman that petitioner was thrown off without fault upon his part, and injured. Brown v. Sullivan, 71 Texas, 470; Railway v. Brentford, 79 Texas, 619; Conner v. Saunders, 17 S. W. Rep., 236.

2. If Brooks was the section foreman over petitioner, Peters, and had full power from the railway company to employ and discharge laborers working on his section, and to control and direct the labor and movements of same, he was not the fellow servant of the petitioner, Chris. Peters, and the allegations of the petition were sufficient to show Brooks was not a fellow servant with the petitioner. Railway v. Williams, 75 Texas, 4; Railway v. Wells, 16 S. W. Rep., 1025; Railway v. Whitmore, 58 Texas, 276.

3. Injuries resulting from the negligence of the master is not one of the ordinary risks of employment assumed by the employe, and the plaintiff, Peters, assumed the risks, more or less hazardous, of the service of a section hand; but he had the right to presume that all proper care and attention would be given to his safety by Brooks, the master, and that he would not be exposed to risks and dangers not necessarily resulting from his service, and which might have been prevented by ordinary care and precaution upon the part of Brooks, his em-

ployer; and if Brooks negligently caused the injury complained of, defendant is liable.   Brown v. Sullivan, 71 Texas, 470; Railway v. Doyle, 49 Texas, 190; Railway v. Oram, 49 Texas, 341; 3 Wood's Ry. Law, 1455; Railway v. Brentford, 79 Texas, 619; Conner v. Saunders, 17 S. W. Rep., 236.

STEPHENS, ASSOCIATE JUSTICE.—Defendant in error, Chris. Peters, recovered damages in the sum of $2891 for personal injuries received while engaged as a section hand on the railway of plaintiff in error.   One Brooks was the section foreman who employed Peters. He had authority, derived from the railway company through its roadmaster, to employ and discharge section hands on the section upon which Peters was engaged, and to control and direct their movements and labor, and in the exercise of this power employed Peters.   He also had the use and control of a hand car, which was run under his direction in transporting the hands to and fro on the road.

Upon their return from work, about July 1, 1890, near Decatur, the injuries were received for which the damages in question were recovered.   The section hands, six in number, including Peters, were all standing at their appropriate places on the hand car, with Brooks sitting in front on a keg; Peters standing also in front, where, with the other hands, he had been engaged in propelling the car, until the top of a hill was reached, when they all turned loose the handles, leaving one Potts at the brake, whose duty it was to regulate the speed of the car under the direction of the foreman.   The car was moving down grade by its own weight and momentum very rapidly—according to some of the witnesses, at lightning speed, though upon this point the evidence was conflicting—when Brooks discovered something upon the track a short distance ahead, which he took to be a rock, but which afterwards proved to be a biscuit, and to avoid what, as it appeared to him, might otherwise have been a disastrous accident, called out twice to stop the car immediately, which the brakeman proceeded to do, and in the effort Peters was thrown from the car, which ran over him and was thereby derailed, inflicting severe and painful injuries, for which the damages were recovered.

The contention of Peters was that the railway company should be held responsible for the injuries received, on the ground that Brooks was the representative of the company, its vice-principal, and that, in permitting the car to be run down hill at a dangerous rate of speed, and in too suddenly stopping the same, there was negligence.

We find that Brooks acted by authority of the railway company, derived from the roadmaster as aforesaid, as its representative in respect to the employment in which Peters was engaged, and that while the evidence was conflicting as to the rate of speed at which he permitted the car to run, the verdict finds support therein in affirming

that it was run at a dangerous speed through the negligence of Brooks in not having the brakeman to exert the proper restraint. We are not able to say from the evidence that there was negligence in his attempting to stop the car under the circumstances.

The verdict is also sustained as to the amount of the recovery.

We are not able to say from the evidence that Peters was guilty of contributory negligence, nor do we find evidence of negligence in the other section hands.

*Conclusions of Law.*—The exceptions to the petition were all properly overruled, and consequently the first, second, third, and fourth assignments are not well taken.

The special charges requested by the railway company were also properly refused. In so far as they correctly stated the law applicable to the facts, they were incorporated in the court's charge. This conclusion overrules the fifth, sixth, seventh, eighth, and ninth assignments of error.

Complaint is made of the following portion of the court's charge as not being warranted by the evidence: "And if said Brooks caused the plaintiff to get upon the hand car and to take on said car a dangerous and extra hazardous position, and if the said Brooks had the control and management of said hand car, and if the said Brooks negligently caused said hand car to be run at a high speed, and if while said hand car was so running, the said Brooks negligently caused said hand car to be suddenly stopped, and if thereby the plaintiff was thrown from and run over by said hand car, and if the plaintiff was not himself guilty of contributory negligence, he would be entitled to recover of the defendant the damages, if any," etc.

We find neither allegation nor proof that Brooks caused the plaintiff to take a dangerous and extra hazardous position on the hand car, nor are we able to say from the evidence that said Brooks negligently caused said hand car to be suddenly stopped, but we are of opinion that the charge, in requiring the jury to find these two acts of negligence to concur with the third, involved in the high speed, placed a burden upon the defendant in error more onerous than the law required, and that this error was in favor of and not against the plaintiff in error, and for that reason we think the eleventh assignment of error must be overruled.

The charge is also complained of, on the ground that under the evidence Brooks was a fellow servant, and not a vice-principal. We understand this contention to be ruled against plaintiff in error in Railway v. Williams, 75 Texas, 4, and subsequent cases. This conclusion overrules the tenth and twelfth assignments of error.

Complaint is set up in the thirteenth assignment, that the charge failed to instruct the jury as to the risks assumed by Peters, but we

find nothing in the facts requiring such a charge to be given, if requested in proper form.   Railway v. Brentford, 79 Texas, 619.

This brings us to the fourteenth and sixteenth assignments of error; complaining of the insufficiency of the evidence to support the verdict, and of the refusal of a new trial.   We have given the facts of this case much reflection, believing as we do that it lies very near the line, often difficult to trace, which separates the domain of accident from that of negligence; but we do not feel warranted in disturbing the verdict of the jury, coming to us as it does with the approval of the district judge.

There being no other errors assigned, the judgment will be affirmed.

*Affirmed.*

Delivered February 7, 1894.

Affirmed by Supreme Court, June 18, 1894.   Railway v. Peters, 87 Texas, 222.