EDWIN COATES, Respondent, v. UNION PACIFIC RAILROAD COMPANY, a Corporation, Appellant.

No. 1307.   (67 Pac. 670.)

**Master and Servant: Negligence: Contributory Negligence: Proximate Cause: Instructions: Applicability: Issues.**

In an action for injuries sustained by plaintiff, a trackman, by being run into by one of defendant's locomotives, the court instructed that, if plaintiff was guilty of negligence contributing to the injuries, he could recover, if defendant, after discovering the negligence of plaintiff, failed to use care to prevent the accident, and that after discovering plaintiff on the track, and finding he failed to heed the danger signals, it would be the duty of the defendant to make efforts to stop its engine, and that, if defendant failed to do so, it would be guilty of negligence. There was no evidence that after plaintiff was discovered on the track defendant failed to use reasonable care to prevent the accident, nor was any wantonness alleged. *Held*, that the instruction was erroneous as without evidence to sustain it.[1] MINER, C. J., dissenting.

[1] Ohlenkamp v. Railroad Co., 24 Utah 232; 67 Pac. 411; Konold v. Railway Co., 21 Utah 379; 60 Pac. 1021; 81 Am. St. Rep. 693.

Coates v. Union Pac. R. R. Co.

(Decided February 12, 1902).

Appeal from the Third District Court, Summit County.—*Hon. A. G. Norrell*, Judge.

Action to recover for injuries alleged to have been caused by the negligence of the defendant company. From a judgment in favor of the plaintiff for $15,000, the defendant appealed.

REVERSED.

*A. W. Agee, Esq.*, for appellant; *Le Grand Young, Esq.*, of counsel.

The signals required to be given at highway crossings, are for the exclusive benefit of persons traveling on the highway and about to cross the railway track. Rorer on Railroads, 1004, 1006, 1015; Thompson, Negligence, 452, note 3; Ill. Cen. R. R. Co. v. Phelps, 29 Ill. 447; Bell v. Hannibal etc. R. R. Co., 72 Mo. 50; Holmes v. Railway Co., 37 Ga. 593; St. Louis etc. Ry. Co. v. Payne, 29 Kan. 166; East Tenn. etc. Ry. Co. v. Feathers, 10 Lea 103; Cordell v. N. Y. Cen. etc. Ry. Co., 64 N. Y. 468; Louisville etc. Ry. Co. v. Vittoes (Ky.), 41 S. W. Rep. 269; O'Donnell v. Railroad Co., 6 R. I. 211.

Such signals are not for the benefit of the employees in railway yards or at stations. Louisville etc. Ry. Co. v. Robertson, 9 Heisk. 276; Railroad v. Lee, 47 Ill. 384; Louisville etc. R. Co. v. Hall, 87 Ala. 708-718; Air Line R. R. Co. v. Gavitt, 92 Ga. 369-409; Blanchard v. Railroad Co., 126 Ill. 416; Bell v. Railroad Co., 72 Mo. 58; Evans v. Railroad Co., 62 Mo. 57; Bohback v. Railroad Co., 43 Mo. 187.

In the absence of an allegation that the persons in charge

24 Utah—20

of the engine discovered, or by the exercise of ordinary care
could have discovered, the respondent's peril in time to have
avoided the accident, it was clearly error to admit evidence as
to the distance at which such persons could have seen respon-
dent. Galveston etc. Ry. Co. v. Harris (Tex.), 36 S. W. Rep.
776; Embry v. Louisville & N. R. Co. (Ky.), 36 S. W. Rep.
1123; Houston, E. & W. Ry. Co. v. Powell (Tex.), 41 S. W.'
Rep. 695.

Even in a case where there is a general charge of negli-
gence, followed by a charge of negligence in the performance
or non-performance of specific acts, the proof must be con-
fined to such specific charge. Chicago etc. Ry. Co. v. Driscoll
(Ill.), 52 N. E. Rep. 921; Ebersey v. Chicago City Ry. Co.,
164 Ill. 518; McCarty v. Rood Hotel Co., 144 Mo. 397;
Mitchel v. Prange, 110 Mich. 78; Plefka v. Knapp, 145
Mo. 316.

It is well settled that instructions must be based upon,
and applicable to the pleadings and the proofs. Konold v.
R. G. W. Ry. Co., 21 Utah 379.

If an instruction assumes the possibility of a material fact
which is not pleaded, or of which there is no evidence, it is
erroneous and should not be given. Walrath v. The State,
8 Neb. 81; Bowen v. Spaids, 26 Neb. 625; Farmers L. & T.
Co. v. Montgomery, 30 Neb. 33; Galveston etc. R. Co. v.
Harris (Tex.), 36 S. W. Rep. 776; Louisville & N. R. Co.
v. Clark's Adm'r. (Ky.), 49 S. W. Rep. 323; Railroad Co. v.
Eason (Tex.), 35 S. W. Rep. 208; Claiborne v. Chesapeake
& O. Ry. Co. (W. Va.), 33 S. E. Rep. 262; Mo. K. &
T. Ry. Co. v. Hunt (Tex.), 47 S. W. Rep. 70; Gulf etc. R.
Co. v. Barnett (Tex.), 47 S. W. Rep. 1029; Barnett v. Cava-
naugh, 56 Neb. 190; Railroad Co. v. Houston, 95 U. S. 597
(L. Ed. Book 24, 542); 11 Ency. P. & P., 158-165, and
authorities there cited.

An appellate court will not hold a charge which submits
an issue not raised by the pleadings or evidence, harmless,

unless it clearly appears that it was not calculated to in any manner influence the jury. Austin & N. W. R. Co. v. Flannagan (Tex.), 40 S. W. Rep. 1043; McCook v. Kemp (Kan.), 59 Pac. Rep. 1100.

*W. R. White, Esq.*, and *Lindsay R. Rogers, Esq.*, for respondent.

The appellant complains because the court gave instruction No. 6. The evidence on this point is that defendant's engineer and fireman had an opportunity to watch out for section men known at this time of the year to be on the switch, and especially on this windy day, and that for more than two hundred and fifty yards they could have seen plaintiff by looking. It is not necessary to show that they actually did see plaintiff, and in that, they were at fault for not watching out, as the Supreme Court of California said, "It is only necessary to prove that they had a clear opportunity and that it was their duty to watch out and observe." This instruction has been decided to be correct in the following well considered cases. Hall v. Ry. Co., 13 Utah 243; Thompson v. S. L. City, 16 Utah 281; Shaw v. R. R. Co., 21 Utah 76; R. R. Co. v. Kasson, 49 Ohio St. 230; Essy v. R. R. Co., 103 Cal. 541.

BASKIN, J.—This is an action in which the respondent seeks to recover for injuries alleged to have been caused by the negligence of the appellant. The answer denies the alleged negligence, and alleges that "whatever injury the respondent did sustain was caused by his own carelessness." The sixth instruction given by the court is as follows: "The jury are instructed that, even if they find from the evidence that the plaintiff was guilty of negligence which contributed to the injuries he complains of, yet he would be entitled to recover against the defendant if the jury should further find that the defendant, after discovering the plaintiff's negligence,

failed or neglected to use reasonable diligence or care to prevent accident or injury to the plaintiff, but went ahead wantonly or recklessly, and injured him. It is the law that the party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent is considered solely responsible." The seventh instruction is as follows: "The jury are instructed that it was the duty of the defendant in the running of its engine to keep a reasonably careful lookout and watch for appearance of persons upon its track, and, when observed and seen, to warn them of its engine's approach by sounding the engine whistle, or ringing its bell, or other suitable signal of warning; and if, after doing so, the person so upon its track fails. to heed the signal and remains thereon, then it would become the further duty of the defendant to make reasonable efforts to stop its engine, providing it could do so without danger to the persons upon it or injury to its engine, and thus avoid injury to the person upon its track; and if the defendant should fail to perform this duty, and should wantonly and carelessly run its engine upon or into such person, injuring him, it would be guilty of negligence." The appellant excepted to the sixth instruction in the following terms: "The defendant also excepts to the giving of paragraph No. 6, given by the court on its own motion, and especially to that part of it which states that if the jury should find that the defendant, after discovering the plaintiff's negligence, failed or neglected to use reasonable diligence or care to prevent accident or injury to the plaintiff, but went ahead wantonly or recklessly and injured him, the defendant would be liable, for the reason that there is absolutely no evidence to show that the defendant's agents or servants discovered the plaintiff in time to use any means to prevent the accident, or to have given the plaintiff any warning, and the entire instruction is therefore unwarranted under the evidence. And, further, excepts especially to the last sentence of this instruction, as follows: 'It is the law that the

party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible,' for the reason that this part of the instruction is wholly inapplicable to the case as made, and there is no evidence to justify or warrant its being given to the jury, or submitting to the jury the question of which of the parties may have had the last opportunity to avoid the accident." The seventh instruction was excepted to on the same grounds. We think that the court correctly stated the law in said instructions, and, if there had been any evidence upon which to base them, it would not have been error to give them. The record contains no evidence tending to show that the appellant, after discovering the respondent on the railroad track, negligently neglected or failed to use due and reasonable care to prevent the injury received by plaintiff, but went ahead recklessly and wantonly, and injured the plaintiff. On the contrary, the record contains evidence which tends to show that the servants of the appellant in charge of the locomotive which struck and injured the plaintiff did not, owing to the drifting of snow, which obscured the view, see the respondent until the locomotive was thirty feet from him, and after it was too late to prevent the injury. Instructions which are not based upon the evidence adduced are erroneous, unless they are of such a character as not to influence the jury. The instructions in this case are not of that character. "In actions of negligence, as in other actions, the proof must conform to the pleadings. Accordingly, recovery cannot be had on proof of other acts of negligence than the specific acts alleged in the complaint." 14 Ency. Pl. and Prac. p. 342; Ohlenkamp v. Railroad Co., 24 Utah 232, 67 Pac. 411. Under the instructions the jury may have found that the defendant saw the plaintiff in time to avert the injury, and, after so seeing him, went ahead wantonly and recklessly, and injured him, and upon that ground agreed upon the verdict. This act of wanton and reckless negligence is not alleged in

the complaint, but other specific acts of neglignce are alleged. In the case of Konold v. Railway Co., 21 Utah 379, 60 Pac. 1021, 81 Am. St. Rep. 693, we held that one of the instructions given was erroneous because there was no evidence in the case on which to predicate it.

It is ordered that the judgment of the lower court be reversed, at respondent's cost, and that the case be remanded for a new trial.

BARTCH, J., concurs.

MINER, C. J.—I can not concur with my brethren in this case. In the instructions to the jury the questions of negligence and contributory negligence were fully discussed. Instructions Nos. 6 and 7, as recited in the majority opinion, were inaccurate in some respects, but operated to the prejudice of the plaintiff, and not to the appealing party. These instructions leave out an important element. The more correct rule on the subject of contributory negligence would be that, if the negligence of the defendant, which contributed directly to cause the injury, occurred after the danger in which the injured party had placed himself by his own negligence was, *or by the exercise of reasonable care might have been, discovered by the defendant in time to have avoided the injury,* then the defendant was liable, notwithstanding the negligence of the injured party. The clause in italics was omitted from the instruction. Donohue v. Railway Co. (Mo.), 2 S. W. 424; Frick v. Railway Co., 75 Mo. 595; Baltimore & O. R. Co. v. State, 33 Md. 542; Kelley v. Railroad Co., 75 Mo. 138. If, by the exercise of reasonable care, the defendant could have discovered the plaintiff in time to avoid the injury in question, notwithstanding the plaintiff's negligence, it was its duty to do so. Young v. Clark, 16 Utah 42, 50 Pac. 832; Shear. & R. Neg., secs. 99, 100, 484. The words, "but went ahead wantonly, and injured him," as used in the sixth instruction and in the latter part of the seventh instruction, to

the effect that, if the defendant wantonly ran over the plaintiff and injured him, the defendant would be liable, was erroneous and improper as to the plaintiff. The plaintiff, in order to make out his case, under such instructions, was erroneously required to make proof that the negligence was wanton and reckless, whereas he was only required to show negligence and want of reasonable care under the circumstances shown. There was proof tending to show that the helper engine could be seen coming towards the plaintiff 350 to 450 feet away; that the engineer usually expected to find trackmen working at this switch where the plaintiff was at work; that the bell was not rung as required by statute and the rules of the company; that the engine was running twenty to twenty-five miles an hour over the switch; that the fireman was adjusting a defective injector before reaching the switch, and failed to use reasonable caution on a blustering day to discover those who were expected to be on the track. Under these instructions the plaintiff was required to introduce proof showing that the act of the defendant was reckless or wanton, before he could recover, thereby injecting into the case an element that was prejudicial to the rights of the plaintiff, and beneficial to the defendant. If the plaintiff was here complaining of these instructions, he could with great reason urge the erroneous instructions as a ground for reversal; but, as they were clearly in favor of the defendant, and there was evidence upon which a verdict could be based outside of any wanton act, the appellant can not complain. I can not concur in the reversal of this case simply because the court gave an instruction to the jury more favorable to the appealing party than it should have been. The giving of a prejudicial and erroneous instruction in favor of a party complaining will not operate to reverse the case. In Johnson v. McKee, 27 Mich. 471, it was held that, where there was no evidence tending to show justification of an assault, no charge should be given on the subject, but, if given, it is not an error that the defendant can complain of.

In Railway Co. v. Peters, 7 Tex. Civ. App. 78, 25 S. W. 1077, it is held that, while the instructions to the jury erroneously imposed an extra burden of proof on the plaintiff, this error in defendant's favor afforded it no ground of complaint on appeal, and the judgment should not be disturbed. 11 Am. and Eng. Enc. Law, p. 181; People v. Cochran, 61 Cal. 548; Same v. Riley, 65 Cal. 107, 3 Pac. 413; Labaree v. Klosterman, 33 Neb. 150, 49 N. W. 1102; Daniels v. Railroad Co., 96 Ga. 786, 22 S. E. 956; Hall v. Stewart, 58 Iowa 681, 12 N. W. 741; Spears v. Town of Mt. Ayr, 66 Iowa 721, 24 N. W. 504.