CHARLES EDD, Appellant, v. THE UNION PACIFIC COAL COMPANY, a Corporation, Respondent.

No. 1408.    (71 Pac. 215.)

1. Servant: Injury: Defect in Machinery: Pleading: Issues: Instructions.

In a servant's action for personal injuries, where the negligence charged consisted solely in allowing a pump to become out of order, an instruction that the negligence of the master need not be the sole cause of the injury, if it contributed with other things to cause it, or, if it appeared that some cause operated with the negligence of the master in producing it, the master would be liable, whether the other efficient cause was a guilty or innocent one, was properly refused, because outside the issues.[1]

2. Same: Evidence.

In a servant's personal injury action, where plaintiff alleged that the injury was caused by allowing certain pumps to become and remain out of order so that water leaked back into the cylinder of one of them, causing the plunger to move backward and crush plaintiff's hand and arm, a question as to whether steam leaking from the steam valve of the steam chest would have a tendency to move the plunger was properly excluded, because outside the pleadings.[2]

(Decided January 21, 1903.)

Appeal from the Second District Court, Weber County.— *Hon. Henry H. Rolapp,* Judge.

Action to recover damages for personal injuries alleged to have been received through the negligence of the defend-

[1] Ohlenkamp v. Railroad Co., 24 Utah 232,  67 Pac. 411.

[2] Coates v. Railroad Co., 24 Utah 304, 67 Pac. 670; Peay v. Salt Lake City, 11 Utah 331, 338, 40 Pac.  206; Ohlenkamp  v. Railroad Co., 24 Utah 232.

ant. From a judgment in favor of the defendant, the plaintiff appealed.

AFFIRMED.

*W. L. Maginnis, Esq.,* and *Charles Stout, Esq.,* for appellant.

*Le Grand Young, Esq.,* for respondent.

### STATEMENT OF FACTS.

This is an action to recover damages for personal injuries alleged to have been received through the negligence of the defendant. The essential allegations of the complaint, in substance, are that on May 15, 1901, the plaintiff was in the employ of the defendant as a pumpman; that his duties required him to operate two pumps in the company's mine No. 1, situate at Rock Springs, Wyoming, for the purpose of pumping water to the surface; that one of the pumps was small, while the other was a compound pump; that both pumps were out of order—the small one by reason of having a hole through its plunger, and of its valves being coated with a scale, caused by deposits from the water being pumped out of the mine, which defects caused great vibration and jarring while the pump was being operated; that the compound pump was out of order, because of the deposits of the mineral water, which was being pumped, made on the valves, and especially on the valve of the discharge pipe, causing it to leak; that on said May 15, 1901, the plaintiff, in the course of his duty, and in the exercise of all the care possible under the circumstances, while attempting to remove certain valves in the cylinder of the compound pump, reached into the cylinder with his hand, the pump not being in motion; that upon doing so the plunger of the pump unexpectedly moved forward and caught his right hand and forearm, crushing the same in such manner that amputation became necessary; and

that the movement of the plunger was caused by the leakage of the water through the valves into the pipes behind the cylinder, and by reason of the jarring and vibration of the small pump. The answer admits the fact of the injury, but denies negligence, and alleges contributory negligence on the part of the plaintiff. The evidence of the plaintiff, in accordance with the allegations of the complaint, shows that at the time of the accident he was working at the pumps, they having become scaled, and was trying to fix the valves; that he had stopped the pumps by shutting the steam off; that, because of the scales, the main discharge pipe valve leaked after the pumps were stopped, and the water filled up the cylinder behind the plunger; and that this water, and the knocking and the jarring of the small pump because of its being out of order, caused the plunger to move and crush his hand. The plaintiff, among other things, testified: "I stopped the pump and went to work to take the valve out. I stopped the little back pump first, and then stopped the other big one. This valve I shut was what is called the 'throttle valve,' and after I had done this I took the covers off the left-hand cylinder. I went to the throttle valve and turned on the steam, so that the plunger would go back to the end I had been working on. I put the covers on before doing this. I again shut the steam off solid with a monkey wrench." With reference to what caused the plunger to move, he stated: "There was nothing else except the water behind the plunger there present that by itself would have moved the plunger forward, except the knocking and jarring caused by the other pump, that I know of." The witness further stated: "After I got the valves fixed, they were still leaking some—perhaps a half-inch pipe full—on account of scales on the valve seats; that is, the top or discharge valves." The plaintiff's witness Leavitt testified: "From my experience as a pumpman, if I saw the water coming in at the rate of what would flow through a half-inch pipe, flowing down through the cylinder against the plunger, I would expect that the cylinder would

fill up and push the plunger back on me. That would be the natural consequence. If the pump was well lubricated and in good working order, I would expect it would move. As a matter of ordinary precaution, I would consider it necessary to move the head off the cylinder in such circumstances." Under this and other similar evidence appearing in the record, the jury returned a verdict in favor of the defendant, and judgment was entered accordingly. Thereupon the plaintiff appealed.

BARTCH, J., after stating the case as above, delivered the opinion of the court.

The appellant insists that the court erred in refusing to give his request to charge the jury, as follows: "The negligence of the master need not be the sole efficient cause of the injury, if it contributed with other things to cause the injury to the plaintiff, or if it appears that some cause operated with the negligence of the defendant in producing the injury without fault upon the part of the plaintiff, the defendant would be liable; and this is so whether the other efficient cause was a guilty or innocent one." The contention of counsel for the appellant as to this request is not sound. Such an instruction was justified neither by the pleadings nor by the proof. The negligence charged as the gist of the action related solely to the pumps. It was alleged that the small pump was out of order, by reason of having a hole through its plunger, and of having its valves coated with a scale, which caused it to vibrate and jar while in operation, and that the compound pump had deposits from mineral water, which was being pumped, made on its valves—especially on the valve of the discharge pipe, which caused it to leak. Upon these charges, and no others, the plaintiff founded his suit to recover for his injuries, and his evidence tends to sustain the charges. There is no allegation whatever, nor any proof, that other causes than the defects in the machinery referred to contributed to the injury, unless it be that the

plaintiff himself, heedlessly, under the circumstances and existing conditions, placed his hand into the cylinder. The request, therefore, which was calculated to couple the master's negligence with other causes, neither alleged nor proven, and which omits the important element that, to · hold the master liable where other causes contributed, his negligence must have been the proximate cause of the injury, was properly refused. Whatever combination of causes may be charged as having resulted in an injury, the author of one of them can only be held liable when his act or negligence was the proximate or immediate cause, for if it was remote, and did not directly contribute to the injury, no liability attaches. It is the proximate, and not the remote, cause that the law recognizes. And "when an injury may have come from either one of two causes, either of which may have been the sole proximate cause, it devolves on the plaintiff to prove by a preponderance of the evidence that the cause for which the defendant was liable was culpable and the proximate cause." 16 Am. and Eng. Enc. Law, 428-431, 445; Searles v. Railway Co., 101 N. Y. 661, 5 N. E. 66; Ohlenkamp v. Railroad Co., 24 Utah 232, 67 Pac. 411.

It is also insisted on behalf of the appellant that the court erred in refusing to permit the witness McDonnell to answer the following question: "And if the steam valve leaked upon the steam chest, that would have a tendency to move the plunger?" This question was properly ruled out, under the pleadings. There was no allegation in the complaint charging the defendant with negligence because of a defective steam valve. The negligence complained of related to the valves connected with the pumps, through which the water leaked and accumulated behind the cylinder, and not to the valve used to control the steam. It was not charged that the steam, leaking through a defective valve, caused the plunger to move, but that it moved in consequence of water leaking through defective valves. The question under consideration called for proof which would cause a var-

iance between the pleadings and the evidence, and was therefore incompetent. The plaintiff could not declare on one theory, and then introduce proof on another. This subject was discussed by this court in Ohlenkamp v. Railroad Co., 24 Utah 232, 239, 67 Pac. 411, and it was there said: "We are also of the opinion that the court erred in admitting, over the objections of the defendant, the evidence relating to the coupling where the train separated, and to the cars being 'thrown up—tipped up—off the track.' There was no issue presented by the pleadings that the coupling appliances were defective, or that the cars were tipped up or thrown from the track. Such evidence constituted a variance from the allegations of the complaint, and was inconsistent with the testimony of the plaintiff's own witnesses, which showed that the coupling was not defective, and that the cars remained on the track. 'The law is well settled that a plaintiff can not declare on one theory and recover on another. It is a well-established rule of evidence that the testimony offered must correspond with the allegations of the complaint, and not show an entirely different state of facts.'" 22 Enc. Pl. and Prac. 527; Coates v. Railroad Co., 24 Utah 304, 67 Pac. 670; Peay v. Salt Lake City, 11 Utah 331, 338, 40 Pac. 206.

We perceive no reversible error in the record. The judgment is affirmed, with costs.

BASKIN, C. J., and BOOTH, District Judge, concur.